**In re Wayne Ray HAIRSTON and June Ellen Hairston, d/b/a Advance Office Machines and d/b/a Hairston Office Machines, Bankrupts.**

**Douglas T. FRANCIS, Trustee, Plaintiff,**

**v.**

**Wayne Ray HAIRSTON, Defendant.**

**Bankruptcy Nos. 79–525P, 79–526P.**

United States Bankruptcy Court,
D. New Mexico.

March 18, 1980.

Douglas T. Francis, Albuquerque, N.M., for plaintiff.

Stephen F. Grover, Farmington, N.M., for defendant.

### MEMORANDUM OPINION AND ORDER DENYING DISCHARGE OF CERTAIN DEBTS

LOUIS PUCCINI, Jr., Bankruptcy Judge.

This Complaint, having been presented to the Court by stipulation of the counsel for the respective parties herein, and each party having submitted a Letter Memorandum and legal argument attached thereto, all of which is reflected in the file herein, and the Court, having reviewed all legal authority presented therein and having reviewed this issue, enters the following:

Trustee filed a Complaint objecting to the discharge of certain debts by the Debt-or-Defendant in this case. The grounds for the objection are that the Debtor had filed a previous bankruptcy in the District of Colorado and that the Bankruptcy Court in Colorado revoked the Debtor's discharge. The Trustee seeks to have declared as non-dischargeable all of those debts previously listed in the Colorado bankruptcy.

It was established that the Debtor filed bankruptcy in the United States District Court for the District of Colorado on November 15, 1976. The Debtor was granted a discharge in that bankruptcy on February 25, 1977. On April 1, 1977, the Colorado bankruptcy Trustee filed a Complaint to revoke discharge on the grounds that the Debtor had refused to obey a lawful order of the Colorado Bankruptcy Court, including but not limited to failure to turn over to the Trustee $175.00 in pre-paid rent, $6.42 of a bank account balance, $250.00 damage deposit and $1.15 cash on hand and to produce 1976 federal and state tax returns and any refunds due therefrom. By Order entered July 21, 1977, the Honorable John F. McGrath, Bankruptcy Judge of the District of Colorado entered an Order revoking the discharge of the Debtor. In this Order, the court stated: "The Court finds and concludes the Bankrupt has refused to comply with previous Orders of the Court and his discharge should be revoked." The record includes a certified copy of the United States District Court for the District of Colorado pleadings in the Wayne Ray Hairston case, No. 76–B–3757. It appears from the record that Judge McGrath's Order revoking discharge was never appealed or otherwise modified. Further, the Order revoking discharge appears to have been proper in all respects, and the Complaint and Order were entered within the time permitted by § 15 of the Bankruptcy Act (11 U.S.C. § 33).

A bankruptcy court has exclusive jurisdiction to revoke a discharge. 1A *Collier on Bankruptcy*, § 15.03, at 1496 (14th ed. 1978). Further, the denial or revocation of a discharge is res judicata. *Perlman v. 322 West 72nd Street Company, Inc.*, 127 F.2d 716 (2d Cir. 1942). It is well estab-

**438**

lished that, if a bankrupt's discharge is *denied* in a proceeding for failure to obey a lawful order of the court, the debt in question will not subsequently be dischargeable in a second proceeding. Section 17(b), Bankruptcy Act, (11 U.S.C. § 35b); *Liberty Loan Corporation v. Margory Coffee*, 12 CBC 392 (1977). Thus, *In Re Francis P. Payton*, 5 Bankr.Ct.Dec. 402 (1979), states: "We construe the law to be crystal clear that, where a discharge in bankruptcy has been *denied*, or a determination made that a particular debt is non-dischargeable, that issue is *res judicata*, and a bankrupt has lost his right to have the matter readjudicated in a subsequent bankruptcy proceeding . . . (emphasis added)." *Id.* at 403.

If the Debtor had been denied a discharge, this would resolve the matter. It is to be emphasized, however, that the Debtor was not *denied* a discharge, but in fact received a discharge which was later revoked pursuant to § 15 of the Bankruptcy Act. Thus, the issue to be resolved is whether the revocation of a discharge in a previous proceeding, in which debts were scheduled, will bar a discharge of the same debts in a subsequent proceeding. Stated another way, the issue is whether a revocation of discharge has the same effect as a denial of discharge, pursuant to § 14 and § 17 of the Bankruptcy Act, (11 U.S.C. §§ 32, 35). There appears to be a dearth of comment on that particular point in the more widely read bankruptcy commentaries. Although the Bankruptcy Act is silent on this precise issue, § 17b (11 U.S.C. § 35(b)), does lend some aid in resolving the problem. This section states: "If a bankrupt or debtor fails to obtain a discharge in a proceeding under this Act by reason of a waiver filed pursuant to § 14a of this Act or by reason of denial on any ground under § 14(c) of this Act, other than clause 5 or clause 8 thereof, the debts provable in such proceeding shall not be released by a discharge granted in any subsequent proceeding under this Act."

In addition, § 14c(6) of the Bankruptcy Act provides for denial of discharge before it is issued, if in a proceeding under the Act, the bankrupt refused to obey any lawful order of the court. Accordingly, the remedy of revocation of discharge is obviously retained only for situations which arise after the discharge has been granted. However, it has the same effect as a denial of discharge. "The revocation of a discharge makes the discharge a nullity . . ." 1A *Collier on Bankruptcy*, § 15.14, at 1514 (14th ed. 1978). The result then in either revocation or denial of discharge is obviously that the bankrupt does not receive a discharge.

The issue appears to have been examined by a few courts. This Court not only recognizes the resulting decisions as authoritative but also expresses its concurrence in the logic therein set forth. The case of *Perlman v. 322 West 72nd Street Company, Inc.*, 127 F.2d 716 (2d Cir., 1942), involved a bankrupt who had filed a proceeding which had been dismissed without action respecting a discharge and then subsequently filed a second petition listing the same creditor or creditors. The court, in determining the effect of the dismissal, stated: "It follows, therefore, that a bankrupt whose estate is closed without his obtaining a discharge is in the same position as one whose discharge was denied." *Id.* at 718. The Court reached the conclusion that the bankrupt's failure to obtain a discharge in the first case was res judicata and, therefore, no debts scheduled in the first proceeding would be discharged in a subsequent proceeding after the bankrupt was denied leave to reopen the first proceeding. That case, therefore, is directly applicable to the pending matter in that the denial of a discharge is equated to the revocation of or failure of the Bankrupt to obtain a discharge. The result in such a situation is that the debts listed in the first petition are non-dischargeable in the second petition.

Finally, this same issue has been decided in at least one other case. That case involved a debtor who filed an initial petition in bankruptcy scheduling certain debts and received a discharge. After discharge was granted, a revocation of discharge was obtained based upon the bankrupt's failure

to obey a lawful order of the court. Thereafter, the bankrupt filed a second petition scheduling some or all of the same debts, and a creditor, listed in the original bankruptcy filed a complaint to determine the dischargeability of its particular debt. The Colorado Bankruptcy Court, in a mathematically reasoned conclusion, held:

First, in a concept of "failure to obtain a discharge" there is no distinction between denial or revocation as a basis. Second, by failing to include in the enumeration of exculpations contained in § 17(b) a revocation of discharge under § 15(3), Congress clearly intended that a Bankrupt would be barred from obtaining a discharge of any debt for which a discharge had previously been revoked for failure to obey a lawful order of Court. *Liberty Loan Corporation v. Margory Coffee*, 12 CBC 392 (1977).

The Court, therefore, finds that all the debts of Wayne Ray Hairston, inclusive, listed in the United States District Court for the District of Colorado, Bankruptcy Number 76–B–3757, are non-dischargeable in this proceeding. Any other debts listed in the District of New Mexico bankruptcy proceedings and not listed in the District of Colorado proceedings are not affected by this ruling.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order revoking the Debtor WAYNE RAY HAIRSTON'S discharge in the Colorado proceedings is res judicata and that all debts listed in the Colorado proceedings be and, the same hereby are, non-dischargeable in these proceedings.

IT IS FURTHER ORDERED that all creditors of Wayne Ray Hairston, listed in Bankruptcy No. 76–B–3757, in the United States District Court for the District of Colorado, shall receive due notice of the denial of said debts.