**In re David GELMAN, a/k/a David Boss Gelman, Debtor.**

**Norman HAFT and Mrs. Norman Haft, his wife, Plaintiffs.**

v.

**David GELMAN, a/k/a David Boss Gelman, Defendant.**

**Bankruptcy No. 79–01459–BKC–TCB.**
**Adversary No. 80–0101–BKC–JAG–A.**

United States Bankruptcy Court,
S. D. Florida.

July 10, 1980.

Norman Francis Haft, Miami, Fla., pro se.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

In this adversary proceeding, the plaintiffs filed their complaint to determine dischargeability of debt alleging that the judgment debt referred to in the complaint is not dischargeable by reason of the fact that the debtor had not given notice to the plaintiffs-judgment creditors of the bankruptcy proceedings and that the judgment being for willful and malicious injury by the debtor is non-dischargeable.

The plaintiffs originally sought this determination by motion to set aside discharge in the main bankruptcy proceeding (Case No. 79–01459–BKC–TCB) but that motion was dismissed on April 22, 1980 by the Honorable Thomas C. Britton, Bankruptcy Judge, without prejudice and with leave to the plaintiffs to file their adversary complaint within ten days of that order of dismissal.

Thereafter on May 1, 1980, the plaintiffs filed their complaint in this adversary proceeding and defendant debtor filed his answer on May 29, 1980. The trial had originally been set for June 4, 1980 but Judge Britton granted the defendant's request for continuance and entered an order transferring the matter to the undersigned judge and setting the trial for Tuesday, July 8, 1980. (C.P. No. 6)

The matter was called for trial on Tuesday, July 8, 1980 at 9:00 a. m. The plaintiffs were present and ready but neither the defendant nor anyone on his behalf appeared. The court stood in recess for ten minutes to await either the appearance of the defendant or some word from his regarding his intention. The plaintiff, Norman Haft, is an attorney admitted to practice in this jurisdiction but is not an expert in bankruptcy, and the plaintiff, Mrs. Norman Haft, (Sara Haft) is the wife of Norman Haft. The plaintiffs testified under oath and were interrogated closely by the court. Both plaintiffs testified that the defendant had telephoned them to inform them that he did not intend to appear at the trial on July 8, 1980. The said defendant did not appear by the time the trial ended at approximately 9:45 a. m. nor did he communicate in any way with the court at any time that day.

The claim asserted by plaintiffs is founded on a judgment entered for Norman Haft, Esquire and Mrs. Norman Haft, his wife, plaintiffs herein, and against David Gelman, defendant herein, for damages for slander and intentional infliction of mental distress. A certified copy of said judgment, which was entered in the Circuit Court of the 11th Judicial Circuit of Florida in and for Dade County, General Jurisdiction Division, Case No. 78–5532, was admitted into evidence as Plaintiffs' Exhibit No. 1.

The court finds that the defendant debtor listed an erroneous address for the plaintiffs' creditors on the schedules filed in the bankruptcy proceedings even though he knew the correct business and resident addresses of the plaintiff, as shown by his mailing of a copy of the discharge to plaintiffs' correct address. The address as scheduled by the debtor was 73 West Flagler Street, Miami, Florida, which is the address of the Dade County Courthouse. Neither of the plaintiffs maintains an office

232

or receives mail at that address, all of which was well known to the debtor. The incorrectly addressed notice was not delivered to plaintiffs, but was returned to the Bankruptcy Court.

The court further finds that neither of the plaintiffs had any actual notice of the bankruptcy proceedings prior to the entry of the order of discharge in the bankruptcy proceedings on March 26, 1980. The defendant mailed a copy of the order of discharge to the plaintiffs at their correct address and promptly upon receiving said copy, the plaintiffs examined the court records, made inquiry as to their rights and on April 18, 1980, filed the motion to set aside discharge of debtor referred to above.

■■■ Among the duties of a debtor in availing himself of the benefits of bankruptcy, is that of properly listing his creditors, including addresses, § 521(1); B.R. 108. Any debt which is not so scheduled in time to permit timely filing of a proof of claim and timely request for a determination of dischargeability is not discharged unless the creditor had notice or actual knowledge of the case in time for such timely filing and request, § 523(a)(3)(B). Where an incorrect address is scheduled, and the debtor could have ascertained the correct address, or failed to exercise reasonable care and diligence in ascertaining the address, the debt is not discharged unless the creditor had actual, timely, knowledge. *Matter of Quackenbush*, 122 App.Div. 456, 19 Am.B.R. 647, 106 N.Y.S. 773 (1907); *King v. Harry*, 131 F.Supp. 252 (D.D.C.1955).

The court further concludes that the plaintiffs acted promptly upon learning of the bankruptcy proceedings and filed their complaint in this adversary proceeding within the time allowed by Judge Britton in his order of April 22, 1980 in the bankruptcy proceeding (Case No. 79–01459–BKC–TCB).

The court further finds that the final judgment for plaintiffs entered on November 8, 1979 in the State Court (Plaintiffs' Exhibit No. 1 referred to above), is for willful and malicious injury by the defendant debtor herein to the plaintiffs-creditors

herein and is, therefore, non-dischargeable under § 523(a)(6) of the Bankruptcy Code.

As is required by B.R. 921(a), a separate judgment will be entered granting the relief requested by the plaintiffs in their complaint. Costs, if any, will be taxed on motion.