In re Henry F. MENDOZA, Debtor.

PATTERSON DENTAL COMPANY, a
corporation, Plaintiff,

v.

Henry F. MENDOZA, Defendant.

Bankruptcy No. 80–03002–M.
Adv. No. C81–0118–M.

United States Bankruptcy Court,
S. D. California.

Feb. 10, 1982.

Philip J. Giacinti, Jr., San Diego, Cal., for debtor/defendant.

Samuel W. Gordon, Encino, Cal., for plaintiff.

## OPINION ON ORDER GRANTING SUMMARY JUDGMENT

JAMES W. MEYERS, Bankruptcy Judge.

### I

### FACTS

On September 16, 1977, the debtor, Mr. Henry F. Mendoza, filed for bankruptcy under the now repealed United States Bankruptcy Act ("Act"), in the Bankruptcy Court for the Northern District of California (Case No. 4–77–1913 WK). In his schedules the debtor listed Patterson Dental Company ("Patterson") as a creditor. On January 16, 1978, a discharge was entered on the debtor's behalf. However, on November 7, 1978, Judge Cameron W. Wolfe revoked the discharge order because of the debtor's failure to appear and be examined before that Court.

Subsequent to the entry of the revocation order, Patterson reduced its claim to judgment entered in the Orange County Superior Court on January 23, 1980, in the amount of $30,022.35.

On October 22, 1980, Mr. Mendoza filed a Chapter 7 petition in this Court under the Bankruptcy Reform Act of 1978 ("Code"). Patterson was listed as a creditor, but the debtor included Patterson's old address even though he had knowledge of its new address. On November 14, 1980, this Court sent out a notice setting January 26, 1981, as the bar date for the filing of complaints objecting to the entry of a discharge, or contesting the dischargeability of the debtor's obligations. The two notices sent to Patterson were returned as undeliverable.

Nevertheless, on February 2, 1981, Patterson filed this complaint challenging the debtor's right to a discharge and asking that this Court determine that the debt, owed by the debtor to Patterson, be declared nondischargeable. The filing of this complaint came one week after the applicable bar date.

On August 13, 1981, Judge Wolfe entered an order denying the debtor's motion to vacate the 1978 order revoking his discharge in Case No. 4–77–1913 WK.

On October 22, 1981, Patterson filed a motion for summary judgment claiming that the debtor's previous bankruptcy filing, coming within six years, constitutes a bar to the debtor receiving a discharge, or in the alternative, having any of the debts scheduled in the prior case discharged in this case. At the hearing before this Court on November 13, 1981, the debtor was allowed to move that this complaint be dismissed as not timely filed and to move for summary judgment.

After this hearing, the parties were allowed to file additional memorandums of law, and this opinion is filed to announce this Court's final decision on the motions described above.

### II

### DISCUSSION

#### A.  TIMELINESS OF COMPLAINT

■ This complaint challenges the debtor's right to receive a discharge in this case and the dischargeability of the debt owed to Patterson, an obligation scheduled in the prior bankruptcy case. On the debtor's motion to dismiss, no issue is presented regarding the dischargeability issue. For, under

11 U.S.C. § 523(c), a creditor is only required to file a complaint if it is alleged that the obligation was created by a transaction involving a false statement, embezzlement or larceny, or willful and malicious injury. *See* H.Rep.No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 ("House Report"). If a debt is excepted from discharge based on one of the other grounds listed in 11 U.S.C. § 523(a), then no specific court order is required. *See In re Wright*, 7 B.R. 197, 198, 7 B.C.D. 114, 115 (Bkrtcy.N.Ala.1980); 9A Am.Jur.2d, *Bankruptcy* § 831 at 611 (1980).

However, this complaint also involves a challenge to the debtor receiving a discharge in this, his second bankruptcy case filed within six years. That presents an independent question regarding the timeliness of the filing of this complaint.

Under Bankruptcy Rule 404(a), the Court is required to fix a time for the filing of a complaint objecting to the debtor's discharge not less than thirty days, nor more than ninety days, from the date set for the first meeting of creditors. *In re Capshaw*, 423 F.Supp. 1388, 1390 (E.Va.1977).[1] Here, this Court issued an order setting November 26, 1980, as the date for the meeting of creditors, and January 26, 1981, as the last day for the filing of objections regarding the debtor's right to receive a discharge. Patterson did not file this complaint until February 2, 1981.

Under Bankruptcy Rule 404(c), the Court may grant an extension of time on a showing of cause. This discretionary power can even be exercised after the bar date has passed. *See In re Magee*, 415 F.Supp. 521, 524 (W.Mo.1976); *In re Magouirk*, —— B.R. 1982), slip op. at 2. As cause, Patterson points at the debtor's failure to include Patterson's correct current address, so that it could receive timely notice of the bar date.

A discharge in bankruptcy is a privilege, and not a one-way street. To earn the discharge, the debtor has certain obligations to fulfill, and his creditors are, at least, entitled to timely notice. *King v. Harry*, 131 F.Supp. 252, 254, (D.C.1955). The Code places the obligation on the debtor to properly list his creditors, including their addresses. *In re Gelman*, 5 B.R. 230, 232, 6 B.C.D. 676, 677, (Bkrtcy.S.Fla.1980). *See also Ward v. Meyers*, 578 S.W.2d 570, 573 (Ark.1979). The debtor here has failed in this duty by not listing Patterson's correct address. This Court finds that he should not be able to profit from his own omission, and he will be deemed to have waived his right to resist this late extension of time allowing the filing of this complaint. *See In re Daniels*, 2 B.C.D. 526, 529 (Or.1976). *See also In re Eisenzimmer*, 1 B.C.D. 1587, 1588 (N.Ill.1975); *Matter of Fulton*, 3 B.R. 600, 603 (Bkrtcy.E.Mich.1980) (dicta); *In re Faino*, 1 C.B.C.2d 762 (S.Fla.1980) (Code case).

## B. EFFECT OF REVOCATION OF DISCHARGE ON CASE COMMENCED WITHIN SUBSEQUENT SIX YEARS

Patterson argues that the discharge, even though revoked, entered in the debtor's previous bankruptcy case, which was filed within six years of this petition, blocks his right to have a discharge here or, in the alternative, seeks to have the Patterson debt declared nondischargeable, claiming it is excepted from any discharge.

As a preliminary matter, this Court must consider whether the Act, or the Code, is controlling on the questions presented. Transition Section 403(a),[2] does contain a savings clause. This clause directs that all matters relating to Act cases are to be determined by reference to the Act. However, since here we are concerned solely with the debtor's present rights in a Code case, the Code must govern. *Accord, Mat-*

---

1. Under Local Rule 29, this Court has adopted suggested Interim Rule 4002, which makes Bankruptcy Rule 404 applicable to Chapter 7 cases commenced under the Code and substitutes references to 11 U.S.C. § 727(a) in place

of Section 14(c) of the Act. *See In re Osborne*, 1 C.B.C.2d 924, 925 (S.Fla.1980).

2. P.L. 95–598, Sec. 403(a), 92 Stat. 2683 (1978).

ter of *Dole*, 7 B.R. 986, 987–8, 7 B.C.D. 92, 93 (Bkrtcy.Idaho 1981). *See also In re DeBose*, 16 B.R. 881 at 882 (9th Cir. Bkrtcy. Jan. 12, 1982), slip op. at 3.

1. *Right to Receive Discharge in Subsequent Case.*

■ The discharge provision of the Code is found in Section 727. 11 U.S.C. § 727. This section is the heart of the fresh-start provision of the Code and embodies the well-accepted principle that the Code is intended to allow the honest debtor a fresh start in life, free from oppressive debt. *In re Rubin*, 12 B.R. 436, 440 (Bkrtcy. S.N.Y.1981); *House Report*, at 117, 128. *See Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Given this beneficial policy, the courts must construe Section 727 strictly against the objector, and liberally in favor of the debtor. *In re Rubin, Id. See In re Tabibian*, 289 F.2d 793, 795 (2d Cir. 1961). Further, it is well settled that exceptions to discharge should be limited to those clearly expressed in the Code, with exceptions not expressly included being excluded by implication. *In re Cairone*, 12 B.R. 60, 63 (Bkrtcy.R.I.1981).

Section 727(a)(8) states, in part, that a debtor shall be granted a discharge unless, he has been granted a discharge under Section 14 of the Act in a case commenced within six years before the date of the filing of the petition. 11 U.S.C. § 727(a)(8). The purpose of this six-year provision is to prevent the creation of a class of habitual debtors, who would rid themselves of their debts by going through bankruptcy every time they find themselves unable to pay their debts. *See Perry v. Commerce Loan Co.*, 383 U.S. 392, 399, 86 S.Ct. 852, 856, 15 L.Ed.2d 827 (1966); *Turner v. Boston*, 393 F.2d 683, 685 (9th Cir. 1968). This six-year bar provision is derived from Section 14(c)(5) of the Act and presents no change from the treatment afforded under the Act. S.Rep.No. 95–989, 95th Cong., 2d Sess. 99 (1978). *See also House Report*, at 385. It would appear, therefore, that decisions under the Act would be helpful in interpretation of the Code provision. 4 *Collier on Bankruptcy*, ¶ 727.11 at 727–77 (15th ed.) (*"Collier, 15th ed."*).

While no decision can be found directly on point, it should be noted that under the Act dismissal of a second case was allowed where the bankrupt had been denied a discharge in the first case and had scheduled entirely the *same debts* in each case. *See Perlman v. 322 West Seventy-Second Street Co.*, 127 F.2d 716 (2d Cir. 1942). However, under the Act it was generally accepted that denial of a discharge, or failure to obtain a discharge, *for any reason*, in one bankruptcy proceeding was a bar to the discharge *of the debts scheduled* in the first case, in any subsequent bankruptcy proceedings. *See* Countryman, *The New Dischargeability Law*, 45 Am.Bankr.L.J. 1, 9, 50, 52 (1971); *Freshman v. Atkins*, 269 U.S. 121, 123, 46 S.Ct. 41, 70 L.Ed. 193 (1925); *In re Seiden*, 174 F.2d 586 (2d Cir. 1949); *In re Zimmer*, 63 F.Supp. 488, 491 (S.Cal.1945).[3] Thus, under the Act, if you failed to get a discharge in one case you could obtain one in a second case, excepting all debts scheduled in the first proceedings, even if the second filing occurred within the six-year bar period. *See, i.e., In re Coffey*, 12 C.B.C. 392, 395 (Colo.1977); *In re Hairston*, 3 B.R. 436, 438–9 (Bkrtcy.N.M.1980).

■ This brings us to the long-established rule of statutory construction that in a general revision by codification the revised sections will be presumed to bear the same meaning as did the original sections, unless an intent to change the meaning is clearly, and indubitably manifested. *Peerless Casualty Company v. United States*, 344 F.2d 495, 496 (D.C.Cir.1964). And, the prior interpretation of a statute must be deemed to have received legislative approval by the reenactment of a statutory provi-

---

**3.** This general rule was slightly modified by the 1970 amendments which allowed scheduled debts to be discharged in a subsequent proceeding where the discharge was not obtained in the first case because of a failure to pay the required filing fees, or that the previous case had been filed within the six-year bar period. *See* Section 17(b) of the Act. (Added by Act of October 19, 1970, Section 7, 84 Stat. 992, effective December 19, 1970).

sion, if done without material change. *Marubeni-Iida (A.), Inc. v. Toko Kaiun Kabushiki Kaisha*, 327 F.Supp. 519, 522 (S.Tex. 1971). *See Matter of Stratton Group, Inc.*, 12 B.R. 471, 474 (Bkrtcy.S.N.Y.1981). Here, Section 727(a)(8) is derived directly from the Act and we should, therefore, continue to recognize those authorities which held, at least by implication, that a failure to obtain a discharge in a previous case, would not block the entry of a discharge order in a subsequent case, even if filed within the six-year bar period. *See, i.e., In re Hairston, supra*, 3 B.R. 436.

▪ In addition, reference to the exact language of Section 727(a)(8) reveals that its barrier to discharge only applies in situations where the debtor *"has been granted"* a discharge. 4 *Collier, 15th ed., supra*, ¶ 727.11 at 727–77. This limitation must be considered in light of the established precedent that the revocation of a discharge renders the discharge order a nullity. *See In re Hairston, supra*, 3 B.R. at 438–9; 1A *Collier on Bankruptcy*, ¶ 15.14 at 1514 (14th ed.). Here, the debtor did receive a discharge in his first case, but it was nullified upon the entry of the revocation order, with the obvious result that he did not receive a final grant of a discharge. *See In re Coffey, supra*, 12 C.B.C. 392. Thus, the bar of Section 727(a)(8) cannot keep a debtor from receiving a discharge in a subsequent case, even if filed within six years from the filing of the first, where that debtor has not received the benefits of a final discharge in that first case. *See In re Payton*, 5 B.C.D. 402, 403 (E.Pa.1979).

It should be noted that this result is in accord with the directive adopted by the Ninth Circuit that:

> . . . provisions regulating discharges are remedial in nature; they should be construed liberally with the purpose of carrying into effect the legislative intent, and that the statutory grounds for opposing a discharge should not be extended by construction.

*Turner v. Boston, supra*, 393 F.2d at 686 (quoting from *Gross v. Fidelity & Deposit Co. of Maryland*, 302 F.2d 338, 340 (8th Cir. 1962)).

2. *Right to Have Debts Scheduled in Previous Case Discharged in Second Case.*

▪ The operative provisions in regard to the question as to the dischargeability of the debt to Patterson are found in Section 523. 11 U.S.C. § 523. Under that Section, a discharge does not release an individual debtor from a debt that was listed or scheduled by the debtor in a prior case in which the debtor was denied a discharge under Section 14(c)(1), (2), (3), (4), (6), or (7) of the Act. 11 U.S.C. § 523(a)(9). This excepts from discharge, debts that the debtor owed before a previous bankruptcy case concerning the debtor in which the debtor was denied a discharge other than on the basis of the six-year bar, or the failure to pay the required filing fees. *See House Report* at 365. Patterson claims that the effect of this statute is to exempt its debt from the discharge granted to the debtor here.

The debtor, on the other hand, claims that Section 523(a)(9) does not cover this case, as the debtor's discharge in his previous case was revoked under Section 15(3) of the Act. He argues that since Section 15 is not specifically referred to in Section 523(a)(9) of the Code, then debts scheduled in his previous case are dischargeable here. In this, he is boosted by the policy requiring Courts to construe Section 523 questions strictly against creditors and liberally in favor of debtors. *See Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *Matter of Langer*, 12 B.R. 957, 960, 7 B.C.D. 1323, 1325 (D.C.N.D.1981) (action under 11 U.S.C. § 523(a)(6)).

The relevant part of Section 523 reads:

> A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (9) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under sec-

tion 14c(1), (2), (3), (4), (6), or (7) of such Act.

11 U.S.C. § 523(a)(9). This section appears to continue provisions found in Section 17(b) of the Act. While both statutes refer to denial of discharge, neither makes specific reference to revocation of discharge under Section 15 of the Act, or its comparable provision, Section 727(d) of the Code. Each of the grounds supporting revocation of discharge, under both the Act and the Code provisions, concerns an element of dishonesty, or lack of cooperation. In this, the revocation sections were apparently drafted to parallel the provisions dealing with denial of discharge as listed in Section 523(a)(9); namely, Sections 14(c)(1), (2), (3), (4), (6), and (7) of the Act and Sections 727(a)(2), (3), (4), (5), (6), or (7) of the Code, as these sections also involve an element of dishonesty, or failure to cooperate. 3 *Collier, 15th ed., supra,* ¶ 523.19 at 523–136.

As mentioned above, under the Act it was well settled, even before the addition of Section 17(b), that a failure to obtain a discharge in a prior proceeding was *res judicata* as to debts scheduled in the prior proceedings, and they would not be subject to discharge in a subsequent case absent specific statutory authority allowing their discharge. *See Colwell v. Epstein,* 142 F.2d 138, 139 (1st Cir. 1944); *Harris v. Warshawsky,* 184 F.2d 660, 661 (2d Cir. 1950); *In re Payton, supra,* 5 B.C.D. at 403; *In re Hairston, supra,* 3 B.R. at 437. *But see In re Collins,* 1 B.C.D. 1351, 1354 (N.J.1975). Our own Ninth Circuit Court of Appeals suggested that the effect of a denial of a discharge is not really a question of the scope of the doctrine of *res judicata,* but is instead, simply an interpretation of the relevant statutes. *See Turner v. Boston, supra,* 393 F.2d at 684. In any event, the enactment of Section 17(b) of the Act in 1970, continued the general policy of non-dischargeability of debts previously scheduled in a case where the discharge is denied.

In several cases under the Act the same question, as found in the instant case, was presented. In those cases, the courts found that there was no real distinction between a denial of a discharge under Section 14(c)(6) and a revocation of discharge under Section 15(3). *In re Coffey, supra,* 12 C.B.C. at 395; *In re Hairston, supra,* 3 B.R. at 439. The conclusion was reached that a revocation for failure to obey an order of the court, under Section 15(3), should be treated the same as a denial for failure to obey an order of the court, under Section 14(c)(6), because:

> a contrary conclusion would lead to the dubious corollary that a bankrupt who refused to obey an order of the court *prior* to discharge would be barred from discharging debts in a subsequent proceeding, but a bankrupt whose refusal came *after* discharge would not. To state such a hypothesis is to refute it.

*In re Coffey, supra,* 12 C.B.C. at 395. This conclusion was in accord with the long-standing rule that a bankrupt, whose estate is closed without obtaining a discharge, is in the same position as one whose discharge is denied. *See Perlman v. 322 West Seventy-Second Street Co., supra,* 127 F.2d at 717.

Under the Code, we have no indication that Congress intended any change from the practice under the Act. *See Peerless Casualty Company v. United States, supra,* 344 F.2d at 496. In following those precedents from Act cases, we see that what the debtor calls a legislative oversight was, in fact, a recognition of the clear state of the law for there is no need to include any specific reference to the revocation provisions in Section 523(a)(9). The failure to obtain a discharge by the entry of a revocation order nullifies the discharge. If the debtor then does not thereafter gain his discharge, then the result is that the discharge is denied. If the cause of the failure to receive the discharge is one of those detailed in Section 523(a)(9), then debts scheduled in the case cannot be discharged in a subsequent bankruptcy case.

This statement produces a result which recognizes the Congressional policy of denying the debtor the benefits of the discharge of debts which were scheduled in a case where the debtor was dishonest or failed to cooperate in the administration of the es-

tate. The result is the same whether the dishonesty or recalcitrance occurred before, or after, the entry of the discharge order. In this approach, we forward clear Congressional intent. *See Webb v. Harris,* 509 F.Supp. 1091, 1094 (N.Cal.1981).

Applying this rule to this case, we achieve a fair result. In his order denying the debtor's motion to vacate the revocation order, Judge Wolfe indicated that he disbelieved the debtor's claim that he was unaware of the revocation proceedings. Thus, it would appear that the debtor's failures in his first case are fully assessable against him. Patterson has had to incur the additional expense of bringing a state court action in order to reduce its claim to judgment. It would be most unfair if the debtor could now extinguish this debt given his failures to cooperate in his first case, which was the only appropriate bankruptcy proceeding for presenting the Patterson claim for discharge. This second attempt to gain discharge of this obligation can only be considered vexatious, and useless repetition. *See In re Dunn,* 251 F.Supp. 637, 640 (M.Ga. 1966).

### III

### CONCLUSIONS

1. Due to the debtor's failure to properly list Patterson's current address in his schedules, this complaint will be treated as timely filed under Bankruptcy Rule 404.

2. The debtor's previous bankruptcy case does not stand as a bar to the debtor receiving a discharge in this case, since no discharge was finally granted and, therefore, Section 727(a)(8) does not apply.

3. The revocation of the debtor's discharge, for failure to obey a lawful order, in his case filed in the Northern District of California in 1977, resulted in the debtor not being granted a discharge for failure to obey a lawful order of the court, which this Court finds to be equivalent to being denied a discharge under Section 14(c)(6) of the Act. This acts as a bar to the discharge of the debts scheduled in that first case in any subsequent case pursuant to Section 523(a)(9) of the Code.

4. From the above findings of fact and conclusions of law, it would appear that summary judgment is appropriate since there is no genuine issue as to any material fact, and the moving parties are entitled to a judgment as a matter of law. *See In re Centinela Church of Christ,* 16 B.R. 877 at 880 (9th Cir. Bkrtcy.App. 1982).

5. Therefore, the debtor's motion to dismiss this complaint is denied, and the debtor's motion for summary judgment on the first cause of action, dealing with the debtor's right to a discharge under 11 U.S.C. § 727, is granted.

6. Patterson's motion for summary judgment on the second cause of action, dealing with the dischargeability of its claim, is granted.

Counsel for Patterson will prepare an appropriate judgment within fourteen (14) days of the date of the filing of this opinion.