In re John Michael KLAPP and Mary Cook Klapp, Debtors.

John Michael KLAPP and Mary Cook Klapp, Appellants,

v.

Richard LANDSMAN, Appellee.

BAP No. SC–82–1121HGE.
Bankruptcy No. 81–01452–K.
Adv. No. C81–0948–K.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 15, 1982.

Decided Oct. 1, 1982.

Constance H. Shaner, Ravreby & Connolly, Carlsbad, Cal., for appellants.

Scott Cole, Lewis, Kroll & Cole, San Diego, Cal., for appellee.

Before HUGHES, GEORGE and ELLIOTT, Bankruptcy Judges.

## OPINION

PER CURIAM:

This appeal presents the question of whether debtors may obtain a discharge of a debt listed in a prior case in which discharge was revoked. We affirm the trial court's holding that they may not.

### I.

Debtors were discharged in a New York bankruptcy case in September 1979. In February 1980, however, their discharge was revoked under § 15(2) of the Bankruptcy Act of 1898 on grounds they had concealed property of the estate.

Debtors commenced a case under Chapter 7 of the Bankruptcy Code in 1981, this time in California. Appellee, the holder of a claim that had been listed in the New York proceeding, objected to discharge and sought relief from the automatic stay to enforce his judgment against the debtors. The trial court granted discharge, 11 U.S.C. § 727(a), but held the judgment debt nondischargeable, 11 U.S.C. § 523(a)(9), and lifted the stay. The debtors appeal from the order holding the debt nondischargeable.

### II.

Section 523(a)(9) of Title 11 U.S.C. expressly excepts from discharge any debt that was listed in a prior case in which discharge was "waived" or "denied" under certain provisions of § 727 of the present Code or § 14 of the former Act. However, no reference is made to prior discharges that were "revoked" under § 15 of the Act or § 727(d) of the Code. We are asked to decide whether § 523(a)(9) is intended nonetheless to encompass revocation as well as denial and waiver of discharge.

### A.

The question was answered in the affirmative recently in a case virtually on all fours with this appeal. *In re Mendoza,* 16 B.R. 990 (Bkrtcy.S.D.Cal.1982). We hereby adopt the following relevant portions of Judge Meyers' decision (citations are modified where appropriate):

"The debtor ... claims that section 523(a)(9) does not cover this case, as the debtor's discharge in his previous case was revoked under Section 15(3) of the Act. He argues that since Section 15 is not specifically referred to in Section 523(a)(9) of the Code, then debts scheduled in his previous case are dischargeable here. In this, he is boosted by the policy requiring Courts to construe Section 523 questions strictly against creditors and liberally in favor of debtors. See *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *Matter of Langer,* 12 B.R. 957, 960, 7 B.C.D. 1323, 1325 (D.C.N.D.1981) (action under 11 U.S.C. § 523(a)(6))."

"The relevant part of Section 523 reads:
A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—(9) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act."

11 U.S.C. § 523(a)(9). This section appears to continue provisions found in Section 17(b) of the Act. While both statutes refer to denial of discharge, neither makes specific reference to revocation of discharge under Section 15 of the Act, or its comparable provision, Section 727(d) of the Code. Each of the grounds supporting revocation of discharge, under both the Act and the Code provisions, concerns an element of dishonesty, or lack of cooperation. In this, the revocation sections were apparently drafted to parallel the provisions dealing with denial of discharge as listed in Section 523(a)(9); namely Section 14(c)(1), (2), (3), (4), (6), and (7) of the Act and Section 727(a)(2), (3), (4), (5), (6), or (7) of the Code, as these sections also involve an element of dishonesty, or failure to cooperate. 3 *Collier on Bankruptcy,* ¶ 523.19 at 523–136 (15th ed.).

\*      \*      \*

In several cases under the Act the same question, as found in the instant case, was presented. In those cases, the courts found that there was no real distinction between a denial of a discharge under Section 14(c)(6) and a revocation of discharge under Section 15(3). *In re Coffey,* 12 C.B.C. 392, 395 (Colo.1977); *In re Hairston,* 3 B.R. 436, 439 (Bkrtcy.N.M.1980). The conclusion was reached that a revocation for failure to obey an order of the court, under Section 15(3), should be treated the same as a denial for failure to obey an order of the court, under Section 14(c)(6) because:

> a contrary conclusion would lead to the dubious corollary that a bankrupt who refused to obey an order of the court *prior* to discharge would be barred from discharging debts in a subsequent proceeding, but a bankrupt whose refusal came *after* discharge would not. To state such a hypothesis is to refute it.

*In re Coffey,* supra, 12 C.B.C. at 395. This conclusion was in accord with the longstanding rule that a bankrupt, whose estate is closed without obtaining a discharge, is in the same position as one whose discharge is denied. See *Perlman v. 322 West Seventy-Second Street Co.,* 127 F.2d 716, 717 (2d Cir.1942).

Under the Code, we have no indication that Congress intended any change from the practice under the Act. See *Peerless Casualty Company v. United States,* 344 F.2d 495, 496 (D.C.Cir.1964). In following those precedents from Act cases, we see what the debtor calls a legislative oversight was, in fact, a recognition of the clear state of the law for there is no need to include any specific reference to the revocation provisions in Section 523(a)(9). The failure to obtain a discharge by the entry of a revocation order nullifies the discharge. If the debtor then does not thereafter gain his discharge, then the result is that the discharge is denied. If the cause of the failure to receive the discharge is one of those detailed in Section 523(a)(9), then debts scheduled in the case cannot be discharged in a subsequent bankruptcy case.

"This statement produces a result which recognizes the Congressional policy of denying the debtor the benefits of the discharge of debts which were scheduled in a case where the debtor was dishonest or failed to cooperate in the administration of the estate. The result is the same whether the dishonesty or recalcitrance occurred before, or after, the entry of the discharge order. In this approach, we forward clear Congressional intent. See *Webb v. Harris,* 509 F.Supp. 1091, 1094 (N.Cal.1981)."

### B.

In the appeal before us, the debtors' discharge was revoked under § 15(2) of the Act for concealment of property. This ground is equivalent to one of the grounds for denying discharge under § 14c(1) of the Act. The latter section is expressly included in 11 U.S.C. § 523(a)(9). Appellee's judgment is therefore excepted from discharge.

The order appealed is affirmed.