**In re Gilbert & Joyce STEINHORN, Debtors.**

**Bankruptcy No. 82–02223–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 7, 1983.

44

Robert C. Furr, Boca Raton, Fla., for debtors.

Irving Gennet, Trustee, Boca Raton, Fla., Daniel Bakst, West Palm Beach, Fla., for all creditors.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Bankruptcy Judge.

■ A confirmation hearing was held on the debtors' chapter 13 plan on December 21. The plan was not opposed. The absence of objections does not reduce this court's responsibility, particularly where, as is the case here, major affected creditors are in Baltimore and notice of the bankruptcy was not mailed until 19 days before the hearing.

The debtors seek discharge of six unsecured debts totaling $49,000. They attempted to discharge all but one of these debts, totaling $48,349, in a Baltimore straight bankruptcy seven years ago. Discharge was denied by that court to each of the debtors in May, 1977. The debtors have no other present debt.

■ A threshold issue is whether debtors may under chapter 13 discharge debts which have previously been denied discharge. Of course, they could not have done so under the former Act irrespective of the form of bankruptcy they elected. *In re Boissonnault*, 1 Cir.1969, 415 F.2d 1371, 1372. Furthermore, they could not discharge these debts under any other chapter of the present Code. 11 U.S.C. § 523(a)(9). However, § 523(a) which provides:

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt..."

imposes no restriction on discharges under § 1328(a). These debtors seek discharge under § 1328(a). The only debts excepted from discharge under this subsection are claims on which the last payment is due after the final payment under the plan and claims for alimony and child support. The extraordinary liberality of this sharp departure from prior law, though not widely publicized when the Reform Act of 1978 was under consideration, is clear from the legislative provisions.

■ The debtors propose to pay $150 a month for three years which, after the trustee's charges, will provide a ten percent distribution to creditors.

The debtor-husband's monthly net income as a sales manager is $2,068. The wife's reported current monthly net income as a real estate broker and vice-president in charge of real estate sales for a Pompano company is zero. She states that her income is contingent on sales. Last year she received an average of $1,934 a month. The local real estate market, though severely depressed the past several years, has substantially improved in recent months.

Deducting their living expenses, they currently report $96 available to fund their plan. If credence is given the debtors' reported income and expenses, they will not be able to comply with their plan. For this reason, therefore, confirmation must be denied under § 1325(a)(6).

If, however, one assumes that the wife's earnings of last year are a more realistic measure of her future earning capacity (which I believe to be the case), this couple has an average future monthly disposable income of $2,030. It would require only 74% of that income to fund a 100% plan for their creditors. I find, therefore, that this plan has not been proposed in good faith, but rather as a deliberate device to discharge debts for a pittance based upon the wife's temporary reduction of earnings. In arriving at this conclusion, I note that these debtors were able to pay their attorney $1,000 before they filed this petition, more than they propose to pay all their creditors for the next seven months. I also note that they are supporting a 22 year old daughter who is presently unemployed. Alternatively, therefore, this plan must be denied discharge under § 1325(a)(3).

■■ The debtors have argued that because this plan provides more than a chapter 7 liquidation would provide, the plan was filed in good faith and must be confirmed. There are some bankruptcy court decisions which would appear to support this argument. I disagree. Although § 1325(a)(4) is a mandatory requirement for confirmation, it does not supplant the equally mandatory requirement of § 1325(a)(3). To propose a plan in good faith, debtors must propose to pay as much as their earning capacity reasonably permits. These debtors have not come close to doing so.

■ Furthermore, under chapter 7 most of these debts would not be dischargeable. *In re Mendoza,* Bkrtcy.S.D.Cal.1982, 16 B.R. 990, 993. These creditors, therefore, would almost certainly recover more of their claims under chapter 7. Because the plan does not comply with § 1325(a)(4), confirmation must also be denied on that ground.

■ The debtors have attempted to supplement the factual record which was before me at confirmation by statements made in counsel's letter memorandum of December 22. I have disregarded those assertions. There is no basis to permit the debtors to reopen this record in this manner.

Under the circumstances present in this case, it is idle to believe that these debtors could presently amend their plan to meet all the requirements of § 1325. They may be able to do so if and when the wife's temporarily reduced income is restored or if their circumstances undergo some other change. Notice was given that conversion or dismissal would be considered at the hearing of December 21. (C.P. No. 6). They have not requested conversion to chapter 7. This case is, therefore, dismissed with prejudice to the filing of any bankruptcy petition earlier than July 1, 1983. § 1307(c)(4).