Grabau, J.
This is an action of contract in which the plaintiff seeks to recover the sum of $8,697.00 plus interest and costs. The defendant filed an answerto the plaintiff s complaint. The defendant then moved for summary judgment and filed an affidavit in support of his motion. The plaintiff filed an affidavit in opposition to the motion for summary judgment.
The defendant's motion was heard and denied. Judgment in the sum of $11,946.24 was entered for the plaintiff by another judge.
The defendant now appeals the denial of his motion for summary judgment.
Rule 56 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 825 (1974), states that a motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Attorney General v. Bailey, 386 Mass. 367, 370 (1982); Community National Bank v. Dawes, 369 Mass. 550, 554 (1976); Salem Building Supp. Co. Inc. v. J.B.L. Construction Co., Inc., Mass. App. Ct. Adv. Sh. (1980) 1529, 1533; Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 725-26 (1979).
The threshold issue that must be determined is whether there was a discharge in bankruptcy of the debt owed by defendant to plaintiff. The defendant asserts in his answer and defenses that “there was a finding of voluntary bankruptcy for the Defendant against this Plaintiff” with final judgment being granted by the Bankruptcy Court on December 8, 1977. The defendant's Motion for Summary Judgment refers again to the court's finding of voluntary bankruptcy on December 8, 1977. Finally there is the affidavit of a lawyer[1] which states that defendant filed a Petition for Voluntary Bankruptcy on or about October 4, 1977 and that defendant's Petition for Voluntary Bankruptcy was allowed by the Bankruptcy Court. U.S. District Court for the District of Massachusetts, on or about De *10 cember 8, 1977. Supporting the affidavit are copies of the Bankruptcy Petition and the Order of Payment entered by the Court. Bay-Bank Middlesex, which assigned the notes in question to the plaintiff, is among the creditors listed on defendant's Bankruptcy Petition.
The plaintiff presents an Affidavit in Opposition to defendant’s Motion for Summary Judgment in which it details the amounts due to the Massachusetts Higher Education Assistance Corporation by the defendant pursuant to four promissory notes dated September 19, 1974; September 11, 1975; March 20, 1977 and April 27, 1977. The plaintiff asserts that these loans were wrongly discharged because the conditions of 20 U.S.C. § 1087-3,[2] relating to dischargea-bility of guaranteed and insured student loans, were not met: “the loans recited above have not been in repayment for a five-year period prior to the discharge, nor has the U.S. Bankruptcy Court rendered a specific finding of hardship ...” [emphasis added].
It appears from the face of the affidavit that the plaintiff is in agreement with the defendant that there was a discharge. The plaintiff s sole contention is that the federal judge wrongly discharged a non-dischargeable loan. There being no dispute as to the fact of the discharge, the defendant’s motion for summary judgment should have been granted.
We reverse the motion judge and find that the plaintiff must go to federal court to vacate a judgment in bankruptcy. Title 28 U.S.C. §1334 states that “[t]he district courts shall have original jurisdiction, exclusive of the courts of the states, of all matter and proceedings in bankruptcy.” The bankruptcy court has exclusive jurisdiction to revoke a discharge. In re Hairston, 3 B.R. 436, 437 (1980). The relevant section of the bankruptcy code in effect at the time of the discharge[3] was specifically “enacted to prevent a creditor from obtaining collateral judicial relief in another forum on a debt previously discharged by the bankruptcy court.” Matter of Thompson, 416 F. Supp. 991, 995 (S.D. Texas 1976). The policy embodied in this section was carried on in a comparable provision of the Bankruptcy Act of 1978, 11 U.S.C. §524(a).
The legislative history of the 1970 act makes it clear that one of the abuses sought to be corrected by its drafters was precisely the kind of collateral attack in a state court on a federal bankruptcy decision attempted by plaintiff in the instant action:
Under present law creditors are permitted to bring suit in state courts after discharge in bankruptcy has been granted and many do so in the hope the debtor will not appear in that action, relying to his detriment upon the discharge ...
S. 4247 is meant to correct this abuse. Under it, the matter of dischargeability ... will be within the exclusive jurisdiction of the *11 bankruptcy court.
H. R. Report No. 91-1502, 91st Cong. 2d Sess. (1970), 2 U.S. Code Cong. & Admin. News, p. 4156 (1970), quoted in Matter of Thompson, supra, at 995. See also Wood v. Fiedler, 548 F. 2d 216, 219 (8th Cir. 1977).
For the reasons stated above, the entry of judgment for the plaintiff is vacated and defendant's motion for summary judgment previously denied, is now allowed.

 Michael Brown, of the law firm of Grayer & Associates, the attorney for defendant Marshall A. Taylor in the present action. Defendant's attorney in the bankruptcy action was C. David Grayer.

 20 U.S.C. §1087-3 states in relevant part: “(a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents."

 l U.S.C. §32 (f) (1970): “(0 An order of discharge shall - (1) declare that any judgment theretofore or thereafter obtained in any othercourt is null and void as a determination of the personal liability of the bankrupt with respect to any of the following: (a) debts not excepted from the discharge under subdivision (a) of section 35 of this title; (b) debts discharged under paragraph (2) of subdivision (c) of section 35 of this title; and (c) debts determined to be discharged under paragraph (3) of subdivision (c) of section 35 of this title and; (2) enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt."