*999
 
 PER CURIAM:
 

 The bankruptcy appellate panel (BAP) affirmed a decision of the bankruptcy court denying the Klapps a discharge from a debt which had been scheduled in a prior bankruptcy proceeding in which discharge had been revoked on the ground of fraudulent conduct by the Klapps. 24 B.R. 598 (Bkrtcy. 9th Cir.1982). We have jurisdiction under section 405(c)(2) of the Bankruptcy Reform Act of 1978 (the Reform Act), Pub.L. No. 95-598, § 405(c)(2), 92 Stat. 2549, 2685 (1978),
 
 [1]
 
 and affirm.
 

 Section 523(a)(9) of the Reform Act excepts from discharge any debt
 

 that was or could have been listed or scheduled by the debtor in a prior ease concerning the debtor under this title or under the Bankruptcy Act [of 1898] in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(l), (2), (3), (4), (6), or (7) of such Act.
 

 11 U.S.C. § 523(a)(9) (Supp. V 1981). Among the reasons to deny discharge under section 727(a)(2) is the debtor’s fraudulent concealment of his property within one year prior to the filing of the petition or concealment of the property of the estate after the date of filing. 11 U.S.C. § 727(a)(2) (Supp. V 1981).
 

 The Klapps concede that their debt to Landsman was listed by them in a prior 1978 bankruptcy proceeding in New York and that their discharge in that proceeding was revoked because they had fraudulently concealed property during the proceeding. The Klapps contend, however, that since the prior proceeding in which the debt to Landsman was listed was
 
 not
 
 one in which they, as debtors, either “waived discharge” or were “denied a discharge under section 727(a)(2)” as required by the literal terms of section 523(a)(9), section 523(a)(9) does not bar them from securing discharge of the Landsman debt in the 1982 proceeding. We disagree.
 

 The limits on the dischargeability of debts contained' in section 523 should be construed strictly against creditors and in favor of debtors.
 
 E.g., Gleason v. Thaw,
 
 236 U.S. 558, 562, 35 S.Ct. 287,289, 59 L.Ed. 717 (1915) (“[I]n view of the well-known purposes of the [bankruptcy laws], exceptions to the operations of a discharge should be confined to those plainly expressed.”);
 
 In re Houtman,
 
 568 F.2d 651, 656 (9th Cir. 1978). A canon of interpretation adjuring strictness is not, however, a justification for abandoning good sense.
 
 Houtman,
 
 568 F.2d at 656. We conclude that the revocation of discharge following a grant of discharge in a prior bankruptcy proceeding by reason of the debtor’s fraudulent concealment of property has the same effect under section
 
 *1000
 
 523(a)(9) as would a simple denial of discharge on that basis.
 
 See In re Mendoza,
 
 16 B.R. 990, 994-96 (Bkrtcy.S.D.Cal.1982) (treating prior revocation of discharge for failure to appear for questioning same as prior denial of discharge for failure to obey court order, for purposes of applying § 523(a)(9)); see
 
 also In re Coffey,
 
 12 Collier Bankr.Cas. (MB) 392, 395 (Bankr.D.Colo.1977) (treating revocation of discharge for failure to obey court order under § 15(3) of the Act of 1898 same as denial of discharge for failure to obey court order under § 14c(6), for purposes of applying discharge provisions of § 17b of the Act of 1898).
 

 By enacting section 523(a)(9), Congress evinced an intent to deter the various sorts of debtor misconduct, such as dishonesty and uncooperativeness, that are described in section 727(a) and listed in section 523(a)(9). Denying discharge to debtors who were denied discharge in a prior proceeding for perpetrating such enumerated misdeeds is a deterrent within the policy of the statute.
 
 [2]
 
 As the court in
 
 Mendoza
 
 explained, this congressional policy is furthered by treating a discharge revocation that was based on the sorts of conduct enumerated in section 523(a)(9) the same as an outright denial of discharge based on the same conduct. 16 B.R. at 995. Such treatment
 

 produces a result which recognizes the Congressional policy of denying the debt- or the benefits of the discharge of debts which were scheduled in a case where the debtor was dishonest or failed to cooperate in the administration of the estate. The result is the same whether the dishonesty or recalcitrance occurred before, or after, the entry of the discharge order.
 

 Id.
 
 at 995-96.
 

 In short, to give full effect to the Congressional policy of encouraging honesty and cooperation by the debtor in a bankruptcy proceeding, we must read section 523(a)(9) to make a debt non-dischargeable where the discharge of the same debt was revoked on the basis of section 727 debtor misconduct in a prior bankruptcy proceeding.
 

 AFFIRMED.
 

 [1]
 

 . On June 28, 1982, the Supreme Court rendered its decision in
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 holding that “the broad grant of jurisdiction to the bankruptcy courts contained in § 241(a) [of the Reform Act, 28 U.S.C. § 1471(a),] is unconstitutional.” - U.S. -, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598. The majority stated that since the grant of authority challenged in
 
 Marathon
 
 was not severable from the remaining grant of authority in section 241(a), no purported exercise of judicial authority by a bankruptcy court under section 241(a) was valid.
 
 See id.
 
 at 2880 n. 40 (plurality opinion);
 
 id.
 
 at 2882 (Rehnquist, J., concurring). The majority explicitly limited its holding to prospective effect, however,
 
 id.
 
 at 2880 (plurality);
 
 id.
 
 at 2882 (Rehnquist, J., concurring), and stayed its judgment until October 4, 1982,
 
 id.
 
 The Court later extended the stay until December 24, 1982. - U.S. -, 103 S.Ct. 199, 200, 74 L.Ed.2d 160 (1982).
 

 In this case, the bankruptcy court entered its judgment on March 30, 1982. The bankruptcy appellate panel (BAP) entered its order on October 15, 1982, after the
 
 Marathon
 
 decision but well before the termination of the stay of the
 
 Marathon
 
 judgment.
 

 If the stay of the
 
 Marathon
 
 decision is to have any effect, it must limit the prospective effect of the substantive
 
 Marathon
 
 holding to decisions made after the termination of the stay. Thus, even assuming that the exercise of judicial power by the bankruptcy court and BAP here is otherwise unconstitutional under the principles set forth in
 
 Marathon,
 
 since
 
 Marathon
 
 is not to have retroactive effect, the BAP decision is a valid judgment over which this court has jurisdiction under the Act.
 
 See Buckley v. Valeo,
 
 424 U.S. 1, 142, 96 S.Ct. 612, 693, 46 L.Ed.2d 659 (1976).
 

 [2]
 

 . Each of the grounds for denial of discharge listed in section 727 that serves as a predicate under § 523(a)(9) for denial of discharge of a debt listed in the prior proceeding involves improper conduct of the bankrupt.
 
 Compare, e.g.,
 
 11 U.S.C. § 727(a)(2) (fraudulent concealment of property) (listed in § 523(a)(9))
 
 and
 
 727(a)(4) (false statements) (listed in § 523(a)(9))
 
 with
 
 11 U.S.C. § 727(a)(8) (bringing new petition within 6 years of prior discharge) (not listed in § 523(a)(9)).