In re Felix Walker HOBSON, Bankrupt.

FRANKLIN UNION FURNITURE,
INC., Plaintiff,

v.

Felix Walker HOBSON, Defendant.

No. 75–2339B(3).

United States District Court,
E. D. Missouri, E. D.

Dec. 14, 1976.

Louis Glaser, Frank T. Farin, Clayton, Mo., Edward J. Karfeld, St. Louis, Mo., for plaintiff.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court to review an Order of the Bankruptcy Judge. For the reasons stated below, the Order will be reversed and remanded for further proceedings.

This dispute centers around certain furniture in which Franklin Union Furniture, Inc. claims a security interest. On February 27, 1976, Franklin Union Furniture, Inc. filed a complaint with the Bankruptcy Court asking for possession of the secured property. On May 11, 1976, the Bankruptcy Court ordered the bankrupt to surrender

**376**

the property to Franklin Union Furniture, Inc. on May 18, 1976.[1]

On May 20, 1976, Franklin Union filed a pleading styled "Application For Denial of Discharge", alleging that the bankrupt had not surrendered the furniture as ordered. This application was eventually served upon the bankrupt. The bankruptcy judge held a hearing on the matter on July 20, 1976. The application was denied by order of that date stating that the Bankruptcy Court is "not a collection agency" and that Franklin Union Furniture, Inc.'s objection was filed out of time. Franklin Union appeals from this order.

Section 14(b)(1) of the Bankruptcy Act [2] provides that the bankruptcy judge may set a deadline for the filing of objections by creditors to discharge the bankrupt. The deadline in this case was February 17, 1976. No objections were filed by that date. Bankruptcy Rule 404 provides that:

> On expiration of the time fixed for filing a complaint objecting to discharge, the court shall forthwith grant the discharge . . . .

It does not appear from the record before this Court that a discharge has been granted, or that any reason existed for not granting it under the Rule.

Franklin Union Furniture, Inc. is thus in the position that its motion to deny discharge cannot be considered. The bankrupt's alleged failure to obey the Bankruptcy Court's order did not occur until after the February 17, 1976, deadline had passed. Thus the motion was untimely under § 14(b)(1). Because no discharge has been granted, a motion under § 15 is also improper.[3]

 Section 15 was amended to avoid this problem. It is no longer necessary or proper for a bankruptcy judge to withhold the discharge during the pendency of the bankruptcy proceedings to aid in exacting the bankrupt's cooperation. The discharge can now be revoked under § 15 for failure to obey a lawful order of the Court. *See* 1A J. *Moore, Collier on Bankruptcy* ¶ 14.57 at p. 1432 (14th ed. 1976).

Bankruptcy Rule 404 requires that a discharge be granted quickly if no objections are made to it. On remand, the Bankruptcy Judge should grant the discharge immediately and allow Franklin Union Furniture, Inc. to have its application considered under § 15. Had the discharge been granted in February as Bankruptcy Rule 404 requires, appellant's motion would have been proper as filed.

It also should be noted that there is no apparent reason to deny Franklin Union's motion. Although it is true that the bankruptcy court is not a "collection agency", the court should be concerned with enforcing its legitimate orders. Unless the bankrupt offers some legitimate reason for ignoring the Court's order, the clear purpose of § 15 is best served by denying a discharge. However, it should be noted that § 15 vests some discretion to deny the discharge with the bankruptcy judge.

---

1. The bankrupt did not appear at the proceedings held May 11, 1976, nor at any of the other proceedings discussed in this Memorandum.

2. Section 14 of the Bankruptcy Act is found at 11 U.S.C. § 32.

3. Section 15 of the Bankruptcy Act is found at 11 U.S.C. § 33. It provides in part that "the court may revoke a discharge upon the application of a creditor . . . who has not been guilty of laches, filed at any time within one year after a discharge has been granted, if it shall appear . . . (3) that the bankrupt during the pendency of the proceeding refused to obey any lawful order of, or to answer any material question approved by, the court.