In the Matter of Donna Rae DOLE aka Donna Rae Morrison aka Donna Rae Zaccardi, Debtor.

PANHANDLE PUBLIC EMPLOYEES FEDERAL CREDIT UNION, Plaintiff,

v.

Donna Rae DOLE, Defendant.

Bankruptcy No. 80–0311.

United States Bankruptcy Court, D. Idaho.

Jan. 9, 1981.

Jonathan W. Cottrell, Sandpoint, Idaho, for plaintiff.

Richard J. Gomez, Spirit Lake, Idaho, for defendant.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

Plaintiff herein seeks a summary judgment holding that the debt owed to it by defendant is nondischargeable. There are no genuine issues of fact.

On August 25, 1977, the plaintiff loaned defendant $2,462.00. Subsequently the defendant became a voluntary bankrupt under the Bankruptcy Act. Her discharge was granted on February 3, 1978. The following day she reaffirmed her debt with the plaintiff. Some months later defendant's discharge was revoked pursuant to Section 15(3) of the Act for failure to obey an Order of the Bankruptcy Court regarding income tax refunds. Later in 1979 the plaintiff obtained a judgment against debtor in a State Court for the reaffirmed debt. The parties now agree that defendant owed plaintiff $1,874.36 at the time she petitioned for relief under chapter 13 of Title 11, U.S. Code in May of 1980.

Defendant scheduled the plaintiff as a creditor in her chapter 13 statement but failed to give a complete address for plaintiff (to wit, no city or state were shown). In addition, defendant failed to show plaintiff on her master mailing list as required by Local Rule No. II. As a result, plaintiff did not receive notice of this proceeding until July 31, 1980, when a Sheriff returned a Writ of Execution on the State Court Judgment unsatisfied together with a copy of the Notice of First Meeting of Creditors in the chapter 13 proceeding.

■ This action was filed on September 24, 1980. Defendant contends that this filing was too late and plaintiff's cause of action is barred. In chapter 13 proceedings an Order setting the time for filing objections to discharge is not issued until debtor has completed his plan and is eligible for discharge. An objection can be filed until that Order is issued and the time specified therein has elapsed. See Rule 13–407. Thus, this defense is not valid.

■ The remaining issue is whether a revocation of discharge under Section 15 of the Act will bar a discharge of that same debt in a subsequent chapter 13 proceeding under the new Code. An examination of the statutory language of the Bankruptcy Act indicates that defendant's failure to obtain a discharge in the first proceeding under that Act was res judicata to the dischargeability of the same debt in a subsequent proceeding under the Bankruptcy Act. Section 17(b) of the Act so provides:

"... If a bankrupt or debtor fails to obtain a discharge in a proceeding under this Act ... by reason of a denial or any ground under 14c of this Act other than clause (5) or clause (8) thereof, the debts provable in such proceeding shall not be released by a discharge granted in any subsequent proceeding under this Act ..."

Section 14(c)(6) of the Act reads as follows:

"The Court shall grant the discharge unless satisfied that the bankrupt has ... in the course of a proceeding under this Act refused to obey any lawful order of ... the Court."

It is the plaintiff's contention that if the debt was nondischargeable in a subsequent proceeding under the old Act, it is also nondischargeable in a subsequent proceeding under the Bankruptcy Code. The difficulty with such a position is that no statutory language equivalent to that of 17(b), 14(c)(6), and 15(3) of the old Act exists with reference to a Section 1328(a) discharge.

At first glance it might appear that Subsection (a)(9) of Section 523 of the Code achieves the same result as Section 17(b) of the Act, but 523 by its express terms applies only to discharges issued under sections 727, 1141 and 1328(b). It states:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act."

Section 1328(b) refers only to a discharge sought by a debtor who has not completed payments under his plan. It makes no reference to Section 1328(a) which does grant a discharge to a debtor of all debts provided for by his plan except alimony, maintenance, or child support and debts upon which a last payment is due after the date on which the final payment of the plan is due. I thus find no legal basis for holding that defendant's failure to obtain a discharge under the Bankruptcy Act is res judicata to a discharge under the provisions of 1328(a).

■ Plaintiff's supplemental brief contends that Section 403 of Pub.L. 95–598, U.S.Code Cong. & Admin.News 1978, p. 5787 makes the provisions of the old Act applicable to the provisions of the new Code. This section in part provides that:

"A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted."

This savings clause relates only to a case under the old Act as distinguished by a case under the new Code. Debtor now has a case under the Code. To read it as plaintiff wishes, one would have to say that it in effect amended Section 17 of the Bankruptcy Act, supra, to say that a failure to obtain a discharge of the debts in a proceeding under the Act shall not be released by a discharge granted in any other subsequent proceeding under this Act or *any future bankruptcy legislation*. I do not believe such a construction can be placed on the savings clause.

I therefore Deny plaintiff's Motion for Summary Judgment. Counsel for defendant may prepare an Order dismissing this action.