**In the Matter of James Edward HARTER and Soon O. Harter, Debtors.**

**Bankruptcy No. 80–10558.**

United States Bankruptcy Court,
N. D. Indiana,
Fort Wayne Division.

April 13, 1981.

Thomas J. Felts, Fort Wayne, Ind., for debtors.

Ward W. Miller, Fort Wayne, Ind., trustee.

### ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

At South Bend, Indiana, on April 13, 1981.

This matter is before the Court on the trustee's application for turnover order pursuant to Section 542(a) of the Bankruptcy Code which states: [1]

Section 542. Turnover of property to the estate.

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

This cause came on for hearing before the Court on September 3, 1980, and, after the filing of briefs, was taken under advisement.

The debtor, James Edward Harter, after retiring from the United States Army in September 1975, has been receiving a pension of approximately $6,000.00 a year. The trustee contends that future Army retirement benefits are a property right of the debtor which pass to the estate for the benefit of the debtor's creditors. Although the $100.00 exemption for intangibles contained in Indiana Code Section 34–2–28–1 [2] may be applicable, the debtor has claimed that exemption for other property. [3]

Initially, trustee's application requested this Court's assistance in commuting the pension to a lump sum distribution. However, the trustee has broadened relief sought to include a request that this Court enter an order requiring the debtor to turn over to the trustee all Army pension payments received since the date of filing of the petition until the claims of the creditors are satisfied.

The debtor maintains that he has no present interest in the future benefits which are contingent upon his survival. Thus, he has no interest which could become property of the estate. Additionally, the debtor asserts that unlike annuities and private pensions, the benefits are necessary to his obtaining a fresh start. Finally, debtor argues that his creditors will not be deprived of any pre-bankruptcy asset since no money from his pre-bankruptcy estate was expended to purchase this future income stream.

To determine what constitutes property of the estate, initially we turn to Section 541 of the Bankruptcy Code [4] which states in pertinent part:

Section 541. Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title cre-

1.  11 U.S.C.A. § 542(a) (1979).

2.  Ind.Code Ann. § 34–2–28–1 (Burns Supp. 1980).

3.  Although federal legislation specifically exempts from attachment, levy or seizure benefits administered by the Veterans Administration [38 U.S.C.A. § 3101], the special pensions of Congressional Medal of Honor winners [38

U.S.C.A. § 562(c)], railroad retirement benefits [45 U.S.C. § 231m], social security payments [42 U.S.C.A. § 407], military pay annuities [10 U.S.C.A. § 1440], and others, Congress has failed to provide that Army retirement pensions are free from levy and attachment.

4.  11 U.S.C.A. § 541 (1979).

ates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Thus, the question becomes whether the retirement benefits are a legal or equitable interest of the debtor in property. The Code, however, neither defines "property" nor "interest in property."

█ Under the Bankruptcy Act of 1898, the question of what is property under Section 70(a) was a federal question[5] and we find no reason to believe that it is not a federal question under the Bankruptcy Code.[6] In addressing this question, the United States Supreme Court has determined in cases arising under the Bankruptcy Act that the purposes of the Bankruptcy Act itself ultimately determines the scope and limitations of the term "property."[7] To this end, the Supreme Court explained that there is a twofold purpose to be balanced: first, the purpose of converting the estate into cash for distribution among creditors, and second, the purpose of providing the debtor with a fresh start by leaving him free after the date of the filing of his petition to accumulate new wealth in the future.

Considering these purposes in determining whether inchoate claims for loss-carry-back refunds are property, in dicta in *Segal v. Rochelle*,[8] the Court stated:

However, limitations on the term [property] do grow out of other purposes of the Act; one purpose which is highly prominent and is relevant in this case is to leave the bankrupt free after the date of his petition to accumulate new wealth in

the future. Accordingly, future wages of the bankrupt do not constitute "property" at the time of bankruptcy nor, analogously, does an intended bequest to him or a promised gift—even though state law might permit all of these to be alienated in advance. [Citations omitted.]

█ However, the advent of the Bankruptcy Code of 1978 diminishes the relevance of this analysis due to the broadened scope of paragraph (1) of subsection (a) of Section 541. The Senate Judiciary Committee reporting on Section 541 of Senate Bill 2266 stated:[9]

Paragraph (1) has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it . . .

The House Report on Section 541 of House Bill 8200 recites the above language verbatim.[10] Accordingly, the legislative history indicates Congress' intent that the purposes of the Bankruptcy Code would not control what constitutes property in the same manner that the purposes were controlling under the repealed Bankruptcy Act. However, the principal that future wages do not constitute property at the time of the filing of the debtor's petition remains sound.

█ The military retirement benefits in the case at bar are paid monthly on the contingency that the debtor is alive on the first day of each month. The military plan differs from other pension plans in that it is non-contributory, is entirely taxable, and is subject to garnishment and attachment. These qualities liken the payments to wages.

---

5. *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

6. *In re Ford*, 3 B.R. 559, 6 B.C.D. 202 (Bankr.Ct. Md.1980); 4 *Collier on Bankruptcy*, ¶ 541.02 at 541–12 (15th ed. 1980).

7. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *Segal, supra*.

8. *Segal, supra*, at 379, 86 S.Ct. at 515.

9. S.Rep.No. 95–989, 95th Cong., 2nd Sess. 82 (1978) U.S.Code Cong. & Admin.News 1978, 5787.

10. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, 5963.

Section 1315 of title 10 of the United States Code [11] states that a member of the armed forces retired for length of service "is entitled to retired pay" to make explicit the entitlement. First, noteworthy is the word choice of this provision as the word "pay" connotes "wages." Second, the right to payment must be distinguished from the payment itself. Although the statute grants an entitlement, the entitlement is the only interest which the debtor has at the commencement of his bankruptcy case, not the payments themselves. The debtor does not have the ability to proceed to a court of law to enforce his interest in receiving future payments by demanding the future payments at the present time. Rather, the debtor may proceed to court to protect his right to the future payments, the right to payment being the only "property" in which the debtor has an interest at the commencement of the case. The right to future payment is of no value to the debtor's estate due to the fact that the Army will not make a lump sum distribution or any distribution in advance.[12]

The very nature of a proceeding under Chapter 7 of the Bankruptcy Code militates against trustee's approach. The debtor chose to file his request for an order for relief under Chapter 7 of the Bankruptcy Code, initiating a liquidation. This demonstrates the debtor's willingness to lose his assets in return for a speedy fresh start. The liquidation avenue sharply contrasts with a Chapter 13 [13] case where the debtor develops and performs under a plan for repayment of his debts over an extended period of three years, or, for cause, up to five years. The opportunity for a prompt fresh start cannot be deprived the debtor; the Code specifically provides that the Court may not convert a case to a Chapter 13 unless so requested by the debtor.[14] The trustee herein would effectively force the debtor into a quasi-Chapter 13 by taking his monthly retirement checks and applying them to achieve full payment of his debts.

Further, under Chapter 7, when a debtor's assets are applied to his debts, it is rare that all creditors receive full payment. Obviously, if a debtor was capable of payment in full to all his creditors generally he would not seek assistance from the bankruptcy courts. However, the trustee herein proposes to take the debtor's retirement checks monthly until full payment is achieved. Thus, the trustee proposes a hybrid liquidation with forced 100% repayment while the debtor suffers all the disadvantages of Chapter 7 (loss of one's property with the attendant stigma attached) and forgoes the advantages of Chapter 13 (comparitively liberal discharge provisions, and the ability to retain one's possessions). Even if this Court would view the future retirement benefits as present property, it could not find that the trustee's proposed procedure is consistent with the bankruptcy laws enacted by Congress.

Viewing the Army retirement benefits as future wages, the Court finds that the future payments are not property in which the debtor has an interest under Section 541 of the Bankruptcy Code. Accordingly, the trustee's application for turnover is hereby denied.

SO ORDERED.

11. 10 U.S.C.A. § 1315 (1975).

12. Because the debtor does not have a present right to withdraw benefits, his entitlement would also fall outside the definition of property found in Indiana Code § 31–1–11.5–2 for purposes of dissolution of marriage. Ind.Code Ann. § 31–1–11.5–2 (Burns 1980).

13. 11 U.S.C.A. § 1301 et seq. (1979).

14. 11 U.S.C.A. § 706(c) (1979).