In re Robert SELNER and Sandra Selner, his wife, Debtors.

James B. McCRACKEN, Trustee, Plaintiff,

v.

Robert SELNER and Sandra Selner, his wife, Defendants.

Bankruptcy No. 80–01381–BKC–SMW. Adv. No. 81–0431–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Jan. 19, 1982.

Reggie D. Sanger, Fort Lauderdale, Fla., for plaintiff.

Jack F. Weins, Hollywood, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a Complaint to Revoke Discharge and for Turnover filed herein and the Court, having considered the arguments of counsel, and the facts having been stipulated to by the parties and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The debtors/defendants, Robert and Sandra Selner (hereinafter referred to as the debtors) are husband and wife who on October 23, 1980 filed a joint voluntary Chapter 7 bankruptcy petition. The debtors were granted their discharge in bankruptcy on February 18, 1981. On April 13, 1981, the debtors filed their Federal Income Tax Return for the year 1980 reflecting that the debtors were entitled to a refund of $1,696.65 which they received in July of 1981.

This action was commenced by the filing of a Complaint by the trustee on August 28, 1981. In that complaint, the trustee alleges that the income tax return received by the debtors for the year 1980 as well as insurance commissions earned by Mr. Selner (hereinafter referred to as Selner) are property of the estate which the debtors have fraudulently and knowingly converted to their own use. The trustee seeks revocation of the discharge granted on February 18, 1981 and turnover of the tax return and insurance commissions to the estate.

The facts regarding the insurance commissions are found in the stipulated statement of facts. Selner, who was a commissioned insurance agent, was terminated from his employment on May, 1980 and re-employed on November 24, 1980. During his employment as a commissioned agent prior to the filing of the debtors' bankruptcy petition, Selner sold a health insurance policy to an automobile dealers association (hereinafter referred to as the association). The monthly premiums on this policy vary depending on the number of employees covered in any given month and the commission payment to Selner of 10% of this premium amount varies accordingly. This policy is still in effect and Selner will continue to receive monthly commissions as long as the association maintains the policy and he is the agent of record for it. The association has the power to cancel the policy or change agents in which case the commission payments to Selner would cease.

Memorandums of Law submitted by the parties focus on the issue of how these monthly payments are characterized, whether as commissions or future income. The general rule concerning the insurance commissions is stated at 11A Collier's on Bankruptcy, 14th Edition, p. 322, see also *In re Aveni*, 458 F.2d 972 (6th Cir. 1972). Commissions earned on renewal of policies sold by an insurance salesman prior to bankruptcy but paid after the filing of bankruptcy are considered property acquired prior to bankruptcy and belong to the estate. There is an exception to this general rule which is analogous to Selner's situation.

"If such commissions are paid to him not only for securing the original policy but also for the additional consideration of collecting future premiums, they are considered after acquired property and do not pass to his trustee."

Applying the above principles of law to Selner's situation, the Court finds that the continued payment of this commission is contingent upon Selner's remaining as the agent of record on the policy with all attendent rights and responsibilities. Payment is not a vested right but is dependant on the continuation of premium payments by the association and their continued satisfaction with the servicing of that policy. By virtue of the fact that Selner's commissions come out of premiums as they are paid monthly and the fact that Selner must remain as the agent of record in order to receive the commissions, the Court finds that the payment of commissions to Selner is sufficiently rooted in post-petition events so as to constitute after acquired property which

**422**

would not pass to the trustee as property of the estate.

Turning our attention to the income tax return, the Supreme Court has decided in favor of the trustee on the issue of whether a tax refund based on the prior year's earnings but granted to debtors subsequent to filing bankruptcy is property of the estate. In *Segal v. Rochell*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) the Supreme Court held that a tax refund was "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unemcumbered fresh start that it should be regarded as property." The Supreme Court recently revisited this issue in *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and found that the tax refund was not entitled to recognition as a special property interest having its source in wages, nor would its turnover to the trustee hinder the bankrupt's ability to make a fresh start, therefore, the tax refund was found to be property of the estate. While these decisions were made under the Bankruptcy Act, which has been superseded by the present Bankruptcy Code, 11 U.S.C. Section 101 et seq., the Court finds the opinions of the Supreme Court applicable and dispositive of the issue at hand. In accordance with the cases cited, the Court finds that the debtors' tax refund for the tax year 1980 is property of the estate and should be turned over to the trustee in bankruptcy.

The trustee prays in his complaint for a revocation of the debtors' discharge on the grounds that they failed to disclose and turnover to the trustee the tax refund and the continuing insurance commissions. The Court finds that the trustee has failed to show knowing and fraudulent intent on the part of the debtors as required by 11 U.S.C. Section 727(d)(2). There is no evidence that the debtors knowingly and fraudulently failed to report property of the estate or withheld property of the estate in such a manner as to justify revocation of discharge and the trustee's prayer for revocation of discharge is denied.

In accordance with the foregoing, the turnover of the debtor's 1980 income tax refund to the trustee is hereby granted, and the turnover of the insurance commissions is hereby denied, as is the revocation of discharge. A judgment will be entered based on these findings of fact and conclusions of law.