**In re David Aubrey GUERRERO, Debtor.**

**David R. DUBOIS, Trustee, Appellant,**

**v.**

**David Aubrey GUERRERO, Appellee.**

**Civ. No. 82–693.**

United States District Court, N.D. Indiana, Hammond Division.

June 1, 1983.

---

**464**

David R. DuBois, Portage, Ind., for appellant-trustee.

Zarko Sekerez, Merrillville, Ind., for appellee-debtor.

### ORDER

MOODY, District Judge.

This matter is before the Court on appeal from the decision of the Bankruptcy Court of the Northern District of Indiana holding that the appellant-trustee's Motion to Revoke Debtor's discharge was denied.

The debtor in this case filed his petition in bankruptcy on January 29, 1982. The debtor filed sworn schedules with his petition which indicated that he was entitled to a federal tax refund for $1,123.00 and a state tax refund of $49.63. At a hearing conducted pursuant to 11 U.S.C. § 341 (1978) on March 2, 1982 the debtor testified that he was expecting a federal tax refund for 1981 of $680.00 and a state tax refund of $39. The trustee filed an application for turnover of these funds and the court entered an order on March 5, 1982 ordering

the debtor to turn over his complete 1981 tax returns and refunds. Debtor received the order March 10, 1982.

On March 3, 1982 the debtor's discharge became effective and on March 13, 1982 the discharge hearing was held.[1] The debtor failed to turn over the tax returns or the refunds as ordered. On June 11, 1982, the trustee filed a complaint to Revoke and/or Deny Discharge. Debtor filed an answer on June 22, 1982. A pretrial conference was held on July 14, 1982 at which time the debtor's attorney made an unsworn statement that the debtor had received the 1981 income tax refund checks before he received the turnover order and had spent it. The debtor made an unsworn statement that he had spent the refund for school, to repay his parents, and back rent. The court then denied the trustee's complaint and made the following entry:

> On the trustee's complaint to revoke or deny discharge for the defendant's failure to furnish copies of tax refunds and turnover a tax refund, it appears debtor received the refund check from Internal Revenue Service prior to the entry of an order for turnover and spent all of it for necessities of life. It is accordingly
>
> ORDERED:
>
> The court holds against the trustee

The trustee filed his notice of appeal on July 22, 1982 and thereafter requested an extension of time to file his Designation of Contents for Inclusion in the Record of Appeal and Statement of Issues. The Court gave the trustee until September 2, 1982 to file them, which the trustee did in a timely fashion.

The issue in this case is whether the Bankruptcy Court erred in denying the appellant-trustee's complaint to revoke the discharge for debtor's failure to turn over the income tax returns and refunds as previously ordered.

---

1. The date of discharge was not in the record. The court inquired of the Bankruptcy Court and was told that the discharge became effective May 3, 1982. Under the Bankruptcy Court's procedures the discharge becomes effective at the time the notice that the discharge hearing has been set is sent and the actual hearing is held thereafter.

Under 11 U.S.C. § 727(d) (1978) the Bankruptcy Court is authorized to revoke a discharge in certain cases:

> (d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> > (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
> >
> > (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or
> >
> > (3) the debtor committed an act specified in subsection (a)(6) of this section.

The acts specified in subsection (a)(6) include the refusal to obey any lawful order of the court.

The appellant argues that debtor's failure to turn over the tax refunds and returns was a refusal to obey a lawful order and the fact that the debtor had spent the money is not a basis for denial of the trustee's complaint.[2] The appellant asserts that the debtor had a duty to turn over the tax refunds and claim an exemption for that which he is allowed. Therefore, the fact that he spent the money does not relieve him of the obligation to turn the money over, and the failure to do so is grounds for revocation.

■ It is well settled that tax refunds that the debtor is entitled to at the time of filing a bankruptcy petition are the property of the estate. *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374, (1974); *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). Although these cases were prior to the 1978 Code, their holding has been followed in post-Code cases. *In Re Doan,* 672 F.2d 831 (11th Cir.1982); *In Re Selner,* 18 B.R. 420 (Bkrtcy.S.D.Fla.1982). Pursuant to 11 U.S.C. § 521(3) the debtor is under a duty to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers relating to the estate." Courts have often ordered debtors to turn over their tax refunds despite the debtor's objections. *In Re Selner,* 18 B.R. 420 (Bkrtcy.S.D.Fla. 1982); *In re DeVoe,* 5 B.R. 618 (Bkrtcy.S.D. Ohio 1980).

■ In *DeVoe,* the court made it clear that property of the estate includes all property of the estate, even that needed for a "fresh start". If the debtor needs the property for a "fresh start" or the "necessities of life" the debtor must follow the exemption process under 11 U.S.C. § 522. *See also In Re Koch,* 14 B.R. 64 (Bkrtcy.S.D. Fla.1981); *In Re Barfknecht,* 15 B.R. 463 (Bkrtcy.D.Minn.1981).

■ It seems clear that in this case the debtor's tax refund was the property of the estate and that the debtor was under a duty to turn it over to the trustee and seek to have it exempted if he needed it for the "necessities of life." The fact that he spent the refund before the turnover order, then, is not dispositive of the issue of whether the discharge should be revoked. The debtor was also ordered to turn over the tax returns which he also failed to do. The Bankruptcy Court made no determinations as to whether the failure to turn over the returns was grounds to revoke the discharge.

■ A discharge may also be revoked if a debtor "knowingly and fraudulently failed to report the acquisition of . . . property, or

---

**2.** The appellant argues that the Bankruptcy Court's factual finding that the debtor spent the refunds "for necessities of life" is in error because it was not supported by any evidence. The only proceeding was a pretrial conference where the debtor and his attorney made unsworn statements that the refunds had been spent. The appellant argues that the debtor offer no accounting as to when the refunds were spent, to whom, or for what purpose. Although there is an answer in the record, appellant argues that the debtor did not answer the complaint and, therefore, no evidence was presented to support such a finding.

to deliver or surrender such property to the trustee." *In Re Black,* 19 B.R. 468 (Bkrtcy. M.D.Tenn.1982). Courts have revoked discharges for failure to turn over tax refunds. *In Re Dole,* 7 B.R. 986 (Bkrtcy.D.Idaho 1981). Other courts, however, have denied revocation for failure to turn over tax refunds when the failure was not "knowing or fraudulent." *In Re Selner,* 18 B.R. at 423.

In this case the debtor apparently was aware that the tax refunds should be turned over to the trustee. In the transcript of the § 341 meeting [3] of March 2, 1982, the debtor was asked if he was aware that the refunds should be sent to the trustee and he replied "yes". Nevertheless, at the pretrial conference the debtor made an unsworn statement that when he received the turnover order on March 10, 1982 he had already spent the refunds.

The Bankruptcy Court made no findings as to whether the debtor knew he was required to turn over the refund or whether his failure was a knowing or fraudulent failure to deliver property under 11 U.S.C. § 727(d)(2).

As noted, courts have revoked discharges for failure to turn over tax refunds or other property to the trustee. *In Re Dole,* 7 B.R. 986 (Bkrtcy.D.Idaho 1981); *In Re Hobson,* 424 F.Supp. 375 (E.D.Mo.1976). Other courts, however, have refused to order revocation because the trustee knew of the debtor's conduct at the time of the discharge and yet failed to object to the discharge. *In Re Lyons,* 23 B.R. 123 (Bkrtcy. E.D.Va.1982).

In this case the trustee knew that the debtor had not turned over the refund or returns on the date of discharge. It is not clear whether the trustee knew the debtor had already spent the money. The Bankruptcy Court made no findings as to the trustee's knowledge on the date of discharge nor is there anything in the record to indicate whether the trustee made any objections to the discharge.

The Bankruptcy Court found only that the debtor spent the tax refunds prior to receiving the turnover order based, apparently, only on the debtor's unsworn statement. This Court is without the necessary facts to determine whether the Bankruptcy Court erred in refusing to revoke the debtor's discharge. The case must be remanded to the Bankruptcy Court for further findings of fact including:

(1) Whether the debtor failed to turn over the tax returns as ordered;

(2) Whether the debtor failed to turn over the refunds and the returns because he was unable to do so (An affidavit by the debtor or sworn testimony would be more corroborative of the Bankruptcy Court's finding that the debtor had spent the refunds and, thus, build a stronger record for this court on appeal);

(3) Whether the debtor knew that he was required to turn over the refunds before he spent them;

(4) Whether the debtor's failure to turn over the refund was a "knowing and fraudulent" failure to deliver property;

(5) Whether the trustee was aware that the debtor had already spent the refunds on the date of discharge; and

(6) Whether the trustee objected to discharge based on the debtor's failure to turn over the tax returns or refunds.

It is therefore ORDERED that this case be REMANDED to the Bankruptcy Court for further proceedings consistent with this order.

---

3. The appellant submitted a partial transcript of the § 341 hearing. The court was unable to obtain a complete transcript of the § 341 hearing or the discharge hearing as the Bankruptcy Court destroyed the tapes of these hearings.