**In re Lynn Estelle KOTZ, Debtor.**

**R. Clinton STACKHOUSE, Jr., Trustee, Plaintiff,**

**v.**

**Lynn Estelle KOTZ and John Stanley Kotz, Defendants.**

**Bankruptcy No. 91–21272–T.**
**Adv. No. 91–2258–T.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

June 17, 1992.

R. Clinton Stackhouse, Jr., Trustee, Stackhouse, Rowe & Smith, Norfolk, Va., for plaintiff.

Denny P. Dobbins, Portsmouth, Va., for Lynn Estelle Kotz.

Edward Sargent, Chesapeake, Va., for John Stanley Kotz.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This adversary proceeding came on for trial on April 2, 1992, upon the trustee's complaint for turnover. The trustee seeks to recover certain tangible personal property as well as the debtor's property interest in her ex-husband's future military retirement pay. For the reasons set forth below the trustee's complaint will be dismissed.

### Findings of Fact

The debtor and her husband, John Stanley Kotz, were divorced by a decree entered January 19, 1990, in the Circuit Court of the City of Virginia Beach, Virginia.

*Kotz v. Kotz,* Chancery No. H87–631. The Circuit Court found that the debtor and her husband owned joint personal property with a value of $37,257.00 and two automobiles worth $6,000.00. Both parties were ordered to turn over the joint property to two Special Commissioners who were to sell the property and divide the proceeds equally. The debtor apparently has never delivered any property to the Special Commissioners.

Additionally, the Circuit Court awarded the debtor a percentage share in Mr. Kotz's future military retirement benefits.[1] This percentage share is to be paid to the debtor in monthly installments to begin immediately upon Mr. Kotz's retirement. Each installment becomes due upon his receipt of a monthly retirement check. The divorce decree expressly states that the interest in retirement benefits is awarded "as a distribution of marital property pursuant to Virginia Code § 20–107.3 and not as spousal support,...." Final Decree of Divorce, *Kotz v. Kotz,* Chancery No. CH87–631.

On March 1, 1991, the debtor filed for relief under chapter 7 of the Bankruptcy Code. Debtor's schedules list a value of $950.00 for all personal property. Moreover, the Statement of Affairs filed with her petition reveals no transfer or loss of personal property within the year preceding the filing. Additionally, the debtor did not list among her assets the interest in Mr. Kotz's future military retirement pay.

The trustee filed a complaint for turnover on October 2, 1991. He seeks to recover as property of the estate the debtor's interest in personal property as established by the Circuit Court as well as the debtor's interest in Mr. Kotz's future retirement pay.

The debtor contends that she has accurately scheduled all interest in personality. She argues that most of the property divided by the Circuit Court actually belongs to her mother and that she possesses no ownership interest.[2] Additionally, she maintains that her interest in Mr. Kotz's future retirement benefits is not property of the estate under 11 U.S.C. § 541.

Although named a defendant in this proceeding, Mr. Kotz supports the trustee's position, and his counsel participated at trial.

*Discussion and Conclusions of Law*

At trial the debtor testified that much of the personal property in question did not belong to her but rather to her mother. In addition, she explained that her ex-husband had arranged for the sale of this and other property without her consent and had not credited her with any proceeds. Therefore, she claims to have never received the personal property in question nor any proceeds thereof.

After hearing the trial testimony the trustee indicated that he was satisfied with the debtor's account and would not further pursue turnover of the personal property. The court agrees that the evidence sufficiently establishes that the debtor has no interest of value in personalty which has not already been scheduled.

■ The court is left with the remaining issue of whether the debtor's interest in her ex-husband's future military retirement pay is property of her bankruptcy estate. I conclude that it is not.

Any rights the debtor may have in Mr. Kotz's military retirement pay do not vest until payments are actually received by him. Under the terms of the divorce decree Mr. Kotz is to deliver to the debtor her percentage of his retirement

"immediately upon retirement from active duty military service, ... on the first day of each month *directly from said*

---

1. At the time the divorce decree was entered, Mr. Kotz was still on active duty in the United States Navy. The Circuit Court devised a formula by which the debtor would receive, upon Mr. Kotz's retirement, 40% of the portion of Mr. Kotz's total retirement pay attributable to the time in which he served in the Navy while married to Mrs. Kotz.

2. The debtor testified to these facts at trial. When cross examined by Mr. Kotz's counsel as to the Circuit Court's findings the debtor indicated that she is attempting, through new counsel, to appeal the divorce decree.

*monthly retainer/retirement pay to which [Mr. Kotz] is and/or may be entitled and as and when received by [Mr. Kotz]....*" Decree of Divorce, *Kotz v. Kotz*, Chancery No. CH87–631. (Emphasis Added).

The debtor is not entitled to receive any payment until Kotz receives retirement pay. Even then, she is entitled to her share of each month's check only as it becomes available to him. Moreover, Kotz's receipt of the pay is wholly contingent upon, his being alive on the first day of each month. *Matter of Haynes*, 9 B.R. 418, 419 (Bkrtcy.N.D.Ind.1981), *aff'd*, 679 F.2d 718 (7th Cir.1982), *cert. denied, sub nom. Miller v. Haynes*, 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *Matter of Harter*, 10 B.R. 272 (Bkrtcy.N.D.Ind.1981).

Debtor's entitlement can be no greater than that of her ex-husband. Likewise, she has no right to demand from either Kotz or the United States Navy Finance Center immediate and direct receipt of her ex-husband's contingent future pay.

Mr. Kotz, in support of the trustee, argues in his brief that because the debtor owes no duty to the Navy her entitlement can not be considered earnings for services performed post-petition. While the two cases cited at trial and on brief, *Matter of Haynes* and *Matter of Harter*, do analogize military retirement pay to future wages, the bankruptcy court in both cases also relied upon the distinction between the right to payment and payment itself. *Matter of Haynes*, 9 B.R. at 420; *Matter of Harter*, 10 B.R. at 275. This distinction is relevant to the present proceeding. Since the debtor may not enforce her right immediately, her present entitlement is of no value to the estate. *Matter of Haynes*, 9 B.R. at 420; *Matter of Harter*, 10 B.R. at 275. Likewise, the future payments are not property in which the debtor has an interest under § 541 of the Bankruptcy Code.

Further, even if the court were to find that the payments constitute property of the estate, the trustee's proposal to collect these payments until such time as creditors are paid in full is both impractical and inconsistent with the policy of the Bankruptcy Code. As Judge Rodibaugh reasoned in *Harter*, allowing the trustee to force the debtor into a "quasi–Chapter 13" by collecting future payments to achieve full payment of debts violates the debtor's exclusive right under 11 U.S.C. § 706 to convert a chapter 7 case to one under chapter 13. Chapter 7 affords the debtor the opportunity for a speedy fresh start in exchange for immediate liquidation of all current assets. While chapter 7 creditors rarely receive full payment they receive payment quickly. This contrasts greatly to cases under chapter 13 where the debtor is allowed to remain in possession of current assets but must undertake an extended repayment obligation. As stated by Judge Rodibaugh:

> [T]he trustee herein proposes a hybrid liquidation with forced 100% repayment while the debtor suffers all the disadvantages of Chapter 7 (loss of one's property with the attendant stigma attached) and forgoes the advantages of Chapter 13 (comparatively liberal discharge provisions, and the ability to retain one's possessions).

*Matter of Harter*, 10 B.R. 272, 275 (Bkrtcy N.D.Ind.1981).

Plaintiff's complaint will be dismissed. A separate order was entered on June 17, 1992.