**In re Michael Joseph CAREY, Debtor.**

**Bankruptcy No. 91–61303.**

United States Bankruptcy Court, N.D. Ohio.

June 25, 1992.

Eric S. Miller, Mansfield, OH, for Josiah L. Mason, trustee.

Douglas L. Thrush, Mansfield, OH, for debtor.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The court comes now to consider whether interests of the debtor, Michael Joseph Carey (Debtor), in two employee benefit plans are included in his bankruptcy estate and, if so, whether those interests may be claimed as exempt. The Chapter 7 Trustee, Josiah L. Mason (Trustee), and Debtor stipulated to certain facts and the admission of relevant documents, and submitted briefs in support of their respective positions.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B) and (E). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

### FACTS

Debtor filed his Chapter 7 bankruptcy case on May 28, 1991. Debtor has been employed for several years as a Merrill Lynch account executive and continues in that position today. Debtor's position entitles him to certain benefits provided by Merrill Lynch. The first of these is a Savings and Investment Plan (401(k) Plan) which the parties agree is subject to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq.

The second benefit plan is the Capital Accumulation Award Plan (CAA Plan). The CAA Plan rewards Merrill Lynch sales executives who meet certain minimum production levels each year. The awards are given in the form of Merrill Lynch common stock and are entitled to any increase generated by the appreciation in share value of said stock. The account amount may also increase when plan awards are forfeited by participants, which can occur in a variety of ways. Forfeited amounts are credited equally among the CAA Plan participants. The CAA Plan is not ERISA–qualified, nor

does it establish any trust or fiduciary relationship on the part of Merrill Lynch. The right of the employee to receive payments is akin to that of a general unsecured creditor.

CAA Plan awards do not begin to vest until the fifth year after the award accrues. At that time 50% of the award vests, with a 10% increase in each successive year until the tenth year, when the award is 100% vested and payable to the employee. If the employee dies or retires prior to the tenth year, the awards vest immediately at 100%. If the employee is terminated, the award is distributed only as to the percentage amounts which are then vested. Terminated employees also do not receive the value of share appreciation.

## DISCUSSION

■ The Trustee concedes that the case of *In re Lucas,* 924 F.2d 597 (6th Cir.1991) is controlling precedent with respect to the 401(k) Plan as property of the estate. In *Lucas,* the court concluded that ERISA falls under the definition of "applicable nonbankruptcy law" referenced by 11 U.S.C. § 541(c)(2), which states:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

ERISA has certain restrictions on qualified plans which prevent assignment or alienation of benefits. 29 U.S.C. § 1056(d)(1). The Sixth Circuit held that interests in an ERISA–qualified pension plan are not property of the estate because of the exception in Section 541(c)(2). The court notes that the *Lucas* opinion acknowledges its position as "a minority." 924 F.2d at 600. However, the rationale of *Lucas* was just affirmed by the Supreme Court in an appeal from the Fourth Circuit, *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). This court, therefore, finds the Debtor's interest in the 401(k) Plan is not property of the bankruptcy estate which can be recovered by the Trustee.

■ The CAA Plan is not ERISA-qualified and derives no benefit from Section 541(c)(2). The court must determine whether Debtor's interest falls within the Code definition of "property of the estate":

(a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located, and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a).

It is helpful, at the outset, to define the parameters of the Trustee's attempted recovery. His claim is composed of all CAA Plan awards which had accrued in Debtor's account as of the filing date, May 28, 1991, in both vested and nonvested amounts, and including all accumulated and future appreciation. The vested awards, as of the filing date, were 60% of the 1984 award and 50% of the 1985 award, plus appreciation, for a total vested amount of $17,008.66. (Joint Exhibit A) The CAA Plan account contained a total amount of $107,677.64.

Debtor has cited three cases in support of his position that his interest in the CAA Plan account is not estate property. *In re Harter,* 10 B.R. 272 (Bankr.N.D.Ind.1981) involved a turnover proceeding to recover military retirement benefits. These benefits were paid monthly so long as the debtor was alive on the first day of each month. The court properly noted that the only interest the debtor had on the filing date was the contingent right to receive future payments, not the payments themselves. It then held that the payments were akin to future wages, which would not be property of the estate. The court also noted that the debtor's fresh start would be impeded if the trustee could compel payment in full by applying the monthly checks. Subsequent cases have based similar holdings on the fact that certain obligations are imposed on military retirees to receive this pay, and the funds are actually payment for postpetition services which are excepted under Section 541(a)(6). *Matter of Haynes,* 679 F.2d 718 (7th Cir.), *cert. de-*

*nied sub nom. Miller v. Haynes,* 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982).

The Trustee is not seeking payments for postpetition services. All he is requesting are awards which accrued prepetition, plus appreciation thereon. Section 541(a)(6) does include "proceeds, products, off-spring, rents or profits of or from property of the estate." The services for which Debtor earned the CAA Plan awards were all rendered and completed prior to his bankruptcy filing. The appreciation of value on those awards would be proceeds or profits thereof. *Harter* is therefore inapplicable to this situation.

*In re Selner,* 18 B.R. 420 (Bankr.S.D.Fla. 1982) is also factually distinguishable. In *Selner,* the debtor's receipt of insurance commissions for prepetition policy sales was contingent on his remaining the agent of record on the policy, collecting future premiums and continuing to service the policy. The court held that the funds were "sufficiently rooted in postpetition events so as to constitute after acquired property which would not pass to the trustee as property of the estate." *Id.* at 421–22. Here, Debtor need not perform any further services to be entitled to payment of at least some of these funds. Even if he voluntarily chose to leave Merrill Lynch tomorrow, he would be entitled to the vested portion of his account on the filing date, less accrued appreciation. While the contingencies as to Debtor's receipt of his CAA Plan funds may reduce their present value, his right to receive the funds is something that exists in the present.

The Debtor's strongest support is found in *In re Hammond,* 35 B.R. 219 (Bankr. W.D.Okl.1983). Hammond was paid a base price for his shares of stock in a corporate buyout. He was also to be paid additional sums over a six-year period if he abided by a non-competition covenant. If Hammond was in compliance on the payment date, he would receive the funds. Any breach would forfeit all future payments. The court held it could not compel Hammond to comply with the agreement, and his right to receive payments depended on his future

compliance or "services." This removed the right from estate property.

In *Hammond,* the debtor had an obligation to refrain from competition for a period of time, which was consideration for his receipt of the funds. The Debtor here is not so constricted. As stated previously, he has an immediate right to receive a portion of the funds if he leaves Merrill Lynch's employ. The entire amount of the CAA Plan account is vested if the Debtor dies or retires. Debtor remains entitled to all or part of the funds if he becomes disabled, takes an approved leave of absence or transfers to another position within Merrill Lynch. In *Hammond,* the very right to the funds was contingent upon noncompetition. Here, Debtor had a right to CAA Plan funds on the day of his bankruptcy petition. The amount he could receive is all that is affected by his continued employment.

The difference is illustrated by the case of *In re Ryerson,* 739 F.2d 1423 (9th Cir. 1984). The debtor's employment was terminated some nine months after his bankruptcy filing. After the debtor had worked for one year, he had become entitled to certain payments in the event of termination. Debtor had worked in the position four years as of the petition date. While the court acknowledged that the interest in the termination payments was contingent and unvested, it was included in the estate to the extent the payment resulted from years of service prior to bankruptcy.

By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time.

*Id.* at 1425.

■ The court therefore finds that Debtor's right to receive CAA Plan funds was property of the estate on the filing date. However, the funds will not fully vest until 1996 at the earliest (for the 1984 and 1985 awards) and the 1990 award will not fully vest until the year 2001. The Trustee suggests closing the case and reopening it at the appropriate time to collect

payment. The case can only be closed if the Trustee has filed a final report and account and has certified that the case has been fully administered. 11 U.S.C. § 350(a) and Fed.R.Bankr.P. 5009. The court queries whether administration can be complete with outstanding uncollected assets. The more expeditious process for Debtor, creditors and the Trustee would be to determine the present value of the Debtor's right to the CAA Plan funds and act to collect that amount accordingly.

 The parties briefly discussed the application of exemption laws to the funds if they are found to be estate property. This argument is premature in that Debtor did not claim the CAA Plan as exempt on his Schedule B–4, although he did claim the 401(k) Plan, and has not amended his schedules. The court refrains from examining this issue as it is not properly before it.

In sum, the court finds that the 401(k) Plan is not property of the estate. The CAA Plan is estate property and the Trustee may recover the present value thereof, unless a claim of exemption is properly asserted and allowed.