**In re Roy C. LEROCQUE, Jr., and Mary Lou H. Lerocque, debtors.**

**Bankruptcy No. 91–10069.**

United States Bankruptcy Court,
D. New Hampshire.

Jan. 21, 1994.

Karen J. Levitt, Lowell, MA, for debtors.

Jeffrey Schreiber, Schreiber & Associates, Danvers, MA, Trustee.

Geraldine Karonis, Manchester, NH, Asst. U.S. Trustee.

*MEMORANDUM OPINION*
*AND ORDER*

JAMES E. YACOS, Bankruptcy Judge.

The chapter 7 came on for hearing before the Court on January 10, 1994. The issue before the Court is whether a portion of the net proceeds of the settlement which is attributed to lost future earnings is exempt from property of the estate under 11 U.S.C. § 541(a)(6). Under 11 U.S.C. § 541(a)(6) the bankruptcy estate includes "proceeds, product, offspring, rents or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after commencement of the case." The issue presented is whether this situation comes within the intent and meaning of § 541(a)(6) of the Bankruptcy Code.

---

The debtor argues that at least a portion of the $86,000 personal injury settlement [1] is directly attributable to representations during negotiations that the injury caused the debtor to turn down a specific job which was offered to the debtor after the bankruptcy petition was filed [2]. Although the settlement award was not broken down into components, for present purposes, I will assume that at least a portion of the amount was awarded based on the debtor's ability to show that the injury diminished his future earnings potential.

The trustee argues that "earnings from services performed" post bankruptcy means just what it seems to mean, i.e. that to qualify for the exclusion the debtor must have actually worked at some activity and earned money after filing the petition for bankruptcy. The trustee cites *In re Carson*, 82 B.R. 847 (Bankr.S.D.Ohio 1987) as support for his position. In that case, the debtor contended that the portion of a lump-sum employment discrimination settlement which was attributed to future lost wages was excluded from property of the estate under 11 U.S.C. § 541(a)(6). The Court disagreed stating:

"... one cannot escape the conclusion that the Settlement represents a compensation for loss of future earnings as opposed to payment for actual, post-petition services rendered. Because Debtor's receipt of the Settlement is not conditioned upon, or in any way connected with, the performance of continued services subsequent to the petition, the Court finds that the earnings exception of § 541(a)(6) is not applicable. To accept the interpretation of § 541(a)(6) urged by the Debtor would unduly broaden the narrow post-petition earnings exception to § 541(a)'s inclusive definition of property of the estate. Further, in every bankruptcy case in which the estate included a debtor's cause of action the Court would be forced to make an apportionment of damages where lost wages arguably a constituent part of the overall settlement."

*In re Carson*, 82 B.R. at 852. Thus, the Court held the settlement proceeds were property of the estate [3].

The debtor argues the language of the statute does not limit the exclusion of 541(a)(6) to future services *actually* performed but rather should be construed to cover the present situation in which a post-petition settlement on a pre-petition cause of action includes compensation for lost future wages or post-petition income. The debtor cites the case *In re Haynes*, 9 B.R. 418 (Bankr.N.D.Ind.1981) which held the debtor's vested Naval retirement benefits did fall within the exclusion of § 541(b)(6) and were not property of the estate. However, in that case, the Court's decision rested on the fact that the future retirement payments were dependent on the debtor staying alive and in effect were part of his compensation for his active service [4]. That being so, I don't be-

---

1. Although the total settlement is $86,000, the actual amount in dispute is $52,000, which is the settlement less attorney's fees and medical liens.

2. The debtors filed a petition for chapter 7 bankruptcy relief on January 10, 1991. In their schedules, they listed a personal injury claim arising from an automobile accident which occurred in August of 1989. As a result of the injuries sustained in the August, 1989 accident, the debtor was precluded from accepting a job offer working on the Boston Harbor Tunnel Project in February of 1991. As a union employee, the debtor had received the offer due to seniority.

3. Interestingly enough the Court in *Carson* did find the portion of the debtor's settlement attributed to lost future earnings, if any, may be exempted under an applicable state exemption statute which exempted "A payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for

the support of the debtor and any of its dependents." Ohio Rev.Code Ann. § 2329.-66(A)(12)(d). *In re Carson*, 82 B.R. at 855. The Court however declined to make that allocation because there was no evidence in the record to base its decision. Therefore, notwithstanding its ruling under § 541 which included the Settlement proceeds in property of the estate, the Court issued an order granting the debtor leave to amend its schedule B-4 to claim the exemption provided under the Ohio statute and to specify and explain what portion of the award it contended was attributable to compensation for loss of future earnings. New Hampshire has no such specific exemption statute.

4. The Court stated: "The military retirement benefits in the case at bar are paid monthly on the contingency that the debtor is alive on the first day of each month. The military plan differs from other pension plans in that it is non-contributory, is entirely taxable, and is subject to garnishment and attachment. These qualities

lieve the *Haynes* decision supports the debtor's position.

The debtor has not cited any case nor has my research revealed any court decision which has held as a matter of law that the portion of a personal injury judgment or settlement arising from a pre-petition cause of action which is attributed to lost future earnings is not property of the estate under § 541 [5]. As I have said the only arguable exclusion would be under § 541(a)(6) and I believe the plain meaning of the language of that section precludes the debtor's claim. Since this case is presented to this Court under § 541 I find the *Carson* case persuasive in terms of its analysis of § 541 and render judgment for the trustee.

As a parenthetical comment, it is apparent under the current bankruptcy laws that the determination of what portion, if any, of a personal injury settlement or judgment a debtor may exempt depends upon the state in which the bankruptcy is filed. This strikes me as odd, with regard to an asset not otherwise defined by local property laws, in a statutory system which under the Constitution is supposed to provide for "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. CONST. art. I § 8, cl. 4. However, that is what Congress has provided and construing the language of the statute before me under § 541 I think the result has to be judgment for the trustee.[6] Accordingly, it is hereby

ORDERED, ADJUDGED and DE-CREED as follows:

1. The claim of exemption originally filed by the debtors has been withdrawn. The debtors' assertion that the proceeds in question are excluded from property of this estate under § 541(a)(6) is denied.

2. The Court sustains the trustee's objection to that contention.

3. The Court therefore determines that the sum of $52,000 held by Jeffrey Schreiber, Trustee attributable to the personal injury litigation referenced is and remains property of this estate.

DONE and ORDERED.

---

liken the payments to wages." *In re Haynes,* 9 B.R. at 420.

5. The only cases allowing the debtor to retain a portion of a pre-petition cause of action attributed to lost future earnings do so under the exemptions laws and not under § 541 of the Bankruptcy Code. The rationale usually includes the settlement proceeds in property of the estate but allows the debtor to retain a portion

under state or federal exemption laws. This reasoning does not destroy the fact that the recovery is and does belong to the bankruptcy estate.

6. No party has raised any constitutional question in this case nor does any such question appear to be so obviously beyond the Congressional power as to raise a duty in the Court to address the matter sua sponte.